SOLOMON ROBERTS and others *v.* THOMAS ROBERTS and others.

An administrator who procures the sale of the land of his intestate for the payment of debts, and has himself appointed commissioner to make the sale, is subject to the rule which prohibits a trustee from purchasing the land, either personally or by an agent.

A trustee can purchase at his own sale only when he does so without fraud, and with the consent of the *cestui que trust* at the time, or by his subsequent sanction.

The case of *Pitt* v. *Petway*, 12 Ire. 69, cited and approved.

This was a bill filed prior to the adoption of the new Constitution and the Code of Civil Procedure, in the Court of Equity for the County of CALDWELL, for the purpose of having the sale of two tracts of land, sold by the defendant Thomas Roberts, as the administrator of his father, William Roberts, set aside upon the ground of fraud, and that he had, through an agent, purchased at his own sale. The defendants filed their answers, to which the plaintiffs put in a replication, and much testimony was taken on both sides. The cause came on for hearing before his Honor, *Mitchell, J.*, at the last Term of the Superior Court for Caldwell County, when the plaintiffs obtained a decree, from which the defendants appealed.

A sufficient statement of the facts of the case will be found in the opinion of the Court.

*Malone*, for the defendants.

*Folk*, for the plaintiffs.

READE, J. We are satisfied that the defendant Thomas Roberts, administrator of William Roberts, contrived to have the lands of the estate sold by himself, as administrator and commissioner, to make the proceeds assets, fraudulently for the purpose of buying the lands himself.

In his petition for the order of sale, he overstated the amount of the debts of the estate by nearly double, and he

described the lands so as to conceal from the Court their value. There was really but $47.13 of debts to be paid, and two of the tracts sold for $48. And there was no need to sell the home tract, which brought $445, to pay a few dollars cost of the order of sale. Two witnesses testify that he procured the home tract to be bid off for himself, and he has been in the enjoyment of the rents and profits ever since the sale, except, probably, for one year. The evidence connecting W. F. Deal, the purchaser, with the fraud of Thomas Roberts, is satisfactory. If he had contemplated buying a tract of land for his own use, it would probably have been the subject of conversation with his family, but it evidently took them by surprise ; for, when he went home from the sale his wife asked him, who bought the land ? He answered that he " bid it off." " What did you do it for ?" said she. He answered, " Thomas Roberts will take it off my hands." And Thomas Roberts has ever since enjoyed the rents and profits. We cannot suppose that Deal bought it as an investment, for it sold for more than its worth. And it does not appear that he had any other inducement to buy, as, " to keep off bad neighbors." Whereas it does appear that Thomas Roberts had such inducement.

The authorities cited in the brief of plaintiff's counsel, fully establish the doctrine, that a trustee cannot buy at his own sale, either by himself, or by another. Indeed it is common learning. There are some qualifications of the general rule as, where he does so without fraud and with the consent of the *cestui que trust*, or their subsequent sanction. *Pitt* v. *Petway*, 12 Ire. 69. There is nothing in this case to take it out of the general rule. And, therefore, the plaintiffs have the right to treat the sale as a nullity, and to have a re-sale.

There is no error in the interlocutory order. Let this be certified.

PER CURIAM.                          Decree affirmed.