STEPHEN W. ISLER vs. ISAAC BROWN and W. A. COX.

·As a general rule, as soon as the facts of a case are determined, whether by the pleadings, a case agreed, a special verdict, or a general verdict subject to a case agreed, it is the duty of the Court having jurisdiction to give judgment upon them, and if the case be in the Supreme Court upon appeal, it is the duty of that Court to give such judgment as the Court below ought to have given.

When the facts have been once determined, provided there has been no irregularity in the proceedings, no Court has a right to deprive the parties of the standpoint they have gained, by setting aside the verdict or other form of finding, and re-open the issues thus regularly concluded.

The Court will not grant a *certiorari* to. operate as a *supersedeas*, upon a suggestion that the record in the Court below is erroneous, and rely upon the contingency of an amendment, especially when the party has had ample opportunity of having the same amended so as to speak the truth.

[*Isler* v.. *Brown*, 66 N. C. 558.]

This was a motion for judgment and a writ of possession heard before *Clarke, J.*, at Spring Term, 1872, of JONES Court.

This case was before the Court at January Term, 1872, and is reported in 66, N. C. 558. The facts are stated in the opinion of the Court.

Upon motion in the Court below his Honor entered judgment upon the record for the plaintiff: " That he recover the said lands and tenements specified in the complaint, and that he is entitled to a writ of possession," &c.

Defendants appealed.

*Green,* for the plaintiff.
*Haughton,* for the defendants.

RODMAN, J. As the record now appears before us the case is this: The plaintiff alleged title in fee to certain lands which

defendants were wrongfully possessed of. Defendants admitted possession but claimed title in themselves. Upon this issue was joined. It was submitted to a jury, who under the instructions of the Court found for the defendants as to the lands conveyed by Cox to Brown. At the same term of the Superior Court the record states, " The facts in this case being admitted and agreed on by the parties, and it being submitted by the parties to his Honor whether in law upon the facts admitted, the plaintiff is entitled to recover, his Honor decides that the plaintiff has no title to the land aforesaid, but that he recover a different tract also sued for, &c." From this judgment the plaintiff appealed to this Court, and the facts admitted were sent up as a part of the record, as a case agreed. The case is reported 66 N. C. 558.

This Court held that plaintiff was entitled to recover, reversed the judgment below, and ordered a *venire de novo.* We did not then notice that the case had come up on a case agreed; but supposing that our opinion settled the questions between the parties, and that perhaps the plaintiff might desire to amend his complaint so as to demand judgment for a conveyance of the legal estate of Brown to him, and that it would be more convenient to all parties to have the judgment rendered below, than here, we remanded the case in order that the proper proceedings might be had in the Court below. On getting back to that Court, the defendants contended that they were entitled to a new trial of the issues before a jury, notwithstanding they had admitted a state of facts and submitted their case to the Court upon it. His Honor, however, gave judgment for plaintiff, and defendants appealed.

We think there can be no doubt as to the practice proper under the circumstances. There is an apparent, though not a real, inconsistency between a general verdict for the defendants and a case agreed, or state of facts admitted. The effect and meaning of the whole is, that there was a general verdict subject to a case agreed; that is, subject to be modified or altered

according to the opinion of the Court on the effect in law of the facts admitted. The parties by agreement converted the general verdict into a special one. If the general verdict had stood without being qualified by agreement, the plaintiff would have excepted to the instructions of the Court, and upon his exceptions being sustained, the Court would of necessity have ordered a new trial, because no determined state of facts would have been before it to which it could apply the law. But we think it is true, at least as a general rule, that as soon as the facts of a case are determined, whether by the pleadings, or a case agreed, or a special verdict, or a general verdict subject to a case agreed (as here), provided they be of such a nature that a Court can give judgment upon them, it is the duty of the Court having jurisdiction to give judgment upon them ; and if the case be here upon an appeal, it is the duty of this Court to give such judgment as the Court below ought to have given. When the facts have been once determined, provided there has been no irregularity in the proceedings by which they are determined, no Court has a right to deprive the parties of the standpoint they have gained, by setting aside the verdict or other form of finding, and re-open the issues thus regularly concluded. To do so would be to violate the policy of the law, which favors the speedy adjustment of controversies, to encroach on the powers of the rightful triers of facts, and to injure the parties. See *Ins. Co.* v. *Boykin*, 12 Wall. S. C. 433, and authorities cited. If when this case was last before us, it had been called to our attention that it was upon a case agreed (as in substance it was) we would have then given final judgment here.

Judgment that plaintiff recover the lands described in his complaint, with five cents damages and costs.

After the foregoing opinion had been prepared, but before it was delivered, the counsel for the defendant moved for another *certiorari*, upon a statement that although the transcript of the record, (the accuracy of which is not denied),

shows that a certain state of facts was agreed to, yet such was not the understanding and intention of the parties. The only way in which, under the *certiorari*, if allowed, the defendant could vary the record from its present appearance, would be by procuring an order for its amendment in the Court below, upon such proof as would satisfy the Judge that it was erroneus in point of fact. We have no means of knowing whether this could probably be done or not. But we think we cannot grant a *certiorari* returnable to the next term, which would operate as a *supersedeas* of execution, upon any such contingency.

All defences must be taken in apt time, and the defendant has had abundant opportunity to have the record amended so as to make it speak the truth, if it fails to do so as it is.

PER CURIAM.                                   Motion refused.