BENJAMIN RUSH v. HALCYON STEAMBOAT COMPANY.

In our practice, both before and since the establishment of the Constitution of 1868, the Supreme Court has all the powers which a Court of Errors had at common law: *Hence it follows*, That as a writ of error is not a continuation of the original suit, but is a new suit by the party against whom judgment is rendered, to reverse that judgment, an appeal vacates the judgment below, and this Court will give such judgment as the Court below should have given.

No judgment against the sureties to an appeal from a justice of the peace can be given, until after a return of the execution against the principal, unsatisfied. Code of Civil Procedure, sec. 542.

*(Caroon* v. *Rogers*, 6 Jones, 244 ; *Rodman* v. *Davis*, 8 Jones, 134; *Isler* v. *Brown*, 67 N. C. Rep. 175, cited and approved.)

MOTION by the defendants after due notice to the plain-. tiff, to set aside the judgment rendered at the last (June,) Term of this Court, and the execution thereon issued. See '67 N. C. Rep. 47.

The grounds for the motion is sufficiently set out in the opinion of the Court.

*Hinsdale*, for plaintiffs.
*B. & T. C. Fuller*, for defendant.

RODMAN, J. At the last term of this Court, judgment was given against defendants, (67 N. C. 47), and the clerk, without any particular directions from the Court, and without the matter having been considered, but in pursuance of the practice before C. C. P., entered judgment as of course, also against the sureties of the defendant on his appeal from the justice of the peace, both for the plaintiff's demand, and for the costs of this Court.

The defendants now move :

1. To vacate the judgment both as against them and as against their sureties, because this Court has no power in any case on an appeal, to give such judgment as ought to have been given in the Court below, but if it reverses the

judgment of the inferior Court, it must remand the case with its opinion, so that the proper judgment may be given there.

2. To vacate the judgment as against the sureties for the defendants, on their appeal from the justice.

1. In support of the first motion, the counsel for the defendants contended, that the Supreme Court existing prior to the Constitution of 1868, had the powers in question *solely* by virtue of Rev. Code, ch. 33, sec. 6, which expressly direct it. To sustain this view, he relied on the cases of *Caroon* v. *Rogers*, 6 Jones 244, and *Rodman* v. *Davis*, 8 Jones, 134. And he further argues, that inasmuch as the present Constitution gives this Court an appellate jurisdiction only, and as no statute directs or empowers it to give such judgment as the Court below ought to have given, therefore it possesses no such power.

This Court has habitually acted upon the presumption that it had such a power. The course of practice was brought to our attention in *Isler* v. *Brown*, 67 N. C. Rep. 175, and is discussed in that case upon that assumption. This is the first time that it has been questioned, or its source particularly called to our attention. We have given to the argument a careful consideration, and if it appeared to us that we had inadvertently stepped over the limits imposed on us, we should not hesitate frankly to confess the error and to retreat.

Fortunately the question is more important than difficult. The authorities cited do not sustain the position that the former Supreme Court thought it derived the power *solely* from the statute. The case in 8 Jones, decides only that a case at law could not be brought up by consent, but only by appeal after final judgment. In 6 Jones, the Court incidently refers to the statute as conferring the power; but there was no question of it, and no necessity for tracing its

source, and the interpretation now given to it could not have been in the mind of the Court.

The Constitution of 1868, art. IV, sec. 10, says: "The Supreme Court shall have jurisdiction to review upon appeal any decision of the Courts below, upon any matter of law or legal inference; but no issue of fact shall be tried before this Court, and the Court shall have power to issue any remedial writs necessary to give it a general supervision and control of the inferior Courts."

Now what is meant by reviewing an appeal? At the common law, appeal meant a criminal prosecution by a private person for a crime committed to his injury. Comyn's Dig. Appeal. Bac. Abr. Appeal. Until recently it was never applied to the proceeding by which a Superior Court of law obtained jurisdiction to review the judgment of an inferior one. It is not used in this sense in the legislation of the United States, nor as far as I know in England to this day. In this sense, the word was taken from the civil law, and was applied to proceedings in Courts of Chancery, and other Courts not proceeding according to the course at common law. Powell Ap. Prac. 38, 44.

By an appeal in its early and proper meaning, as applied to proceedings in equity cases, the judgment was vacated and the appellant was entitled to a new trial on the merits, including the facts as well as the law. Powell, *ubi sup*.

Recently, (I speak comparatively,) in many of the United States, and especially in their Codes of Civil Procedure, the word has got to be used, as comprehending every mode by which a case is carried up from any inferior to any Superior Court, whether it be a case in law or a suit in equity, or an action generally under a Code.

The effect of the appeal, and whether it is an appeal in the original equity sense of the word, or in substance a writ of error, depends in almost every case upon the statutes and rules, regulating the practice of the appellate Court.

Under our system as existing before 1868, either party to an action at law might appeal from a judgment of a Superior Court to the Supreme Court. It was called an appeal and in some respects resembled one. It vacated the judgment appealed from ; but did not necessarily vacate the verdict or entitle the appellant to a new trial. The case was invariably treated in the Supreme Court as if it had been brought up by writ of error, which was not abolished, but continued a contemporaneous mode of getting a judgment reviewed in the appellate Court. A few instances of writs may be found in our Reports.

When the Constitution of 1868 created a Supreme Court, with power to review, on appeal, the judgments of the Superior Courts, the word was used in the sense which it had acquired in our legislation for many years back ; as in substance, a writ of error. The Court was, (for cases of this sort at least,) a Court of Errors. This view is confirmed by the consideration, that the Constitution prohibits this Court from trying any issues of fact, which a Court of appeal in its original sense, as applied to proceedings in Chancery must do.

If this view be correct, it follows that this Court has all the powers which a Court of Errors had by the common law, unless they have been curtailed by some disabling statute, which is not contended, and it only remains to enquire whether the power in question is of that class.

A writ of error is not a continuation of the original suit; it is a new suit by the party against whom judgment was given to reverse that judgment. The original judgment stands until reversed. If the original judgment was against the defendant and he brings a writ of error, (or appeals in North Carolina,) the judgment shall be only to reverse the judgment complained of, for that is the only object of the writ. "But if judgment be given against a plaintiff, and he bring a writ of error, the judgment shall not only be

reversed, but the Court shall give such judgment as the Court below should have given, for the writ of error is to revive the first cause of action, and to recover what he ought to have recovered by the first suit, wherein erroneous judgment was given." Bac. Abr. Error. M. 2.

This doctrine is also held in *Ins. Co.* v. *Boykin,* 12 Wall, 433, where authorities are cited which must be conclusive.

The first motion is refused.

2. The second motion of the defendant is allowed. Sections 541, 542, C. C. P., clearly forbid judgment against the sureties to an appeal from a justice of the peace, until after the return of an execution against the principal.

PER CURIAM.                          Judgment accordingly.