Upon the hearing below the following facts were found:
Smith Dey were partners in trade at Newbern, N.C. *Page 304 
In June, 1866, Dey removed to Newark, N. J., where he has ever since resided. The last work performed by them as partners was the building of a market-house in Newbern, finished in the early part of the year 1866, for which service the voucher for $930.38 was issued, and upon which the plaintiff, as administratrix of her husband, obtained a judgment against the city.
Smith Dey were in business a little over a year, and since his departure, Dey has never returned to the State. Before leaving, Dey sold to Smith all the tools, c., belonging to the concern. Smith continued to reside in Newbern, where he died in March, 1869, and the plaintiff in this action, administered on his estate.
John L. Smith, the partner, was in possession of the voucher when he died, and it had never been assigned to the plaintiff, Ann, by Dey, the surviving partner; nor had there ever been any formal dissolution of the copartnership.
The voucher alluded to had no market value in 1866, having been issued in January, 1866, by the Provisional Government; it was not recognized by subsequent boards until after the decision of this Court in Boyle v. TheCity of Newbern.
The firm of Smith Dey were indebted to Dey Sons for money and goods furnished them in 1865, and for which indebtedness two several drafts were drawn, in 1867, by Smith, in the name of the firm of Smith Dey. F. A. Dey, of the firm of Smith Dey, was also at the time a member of the firm of Smith Sons.
Upon the hearing his Honor found, as facts, that there had been no transfer of the voucher to Ann L. Smith, the plaintiff, and that the same, at the commencement of this action was, and is still the property of Smith Dey; and thereupon adjudged:
(1.) That the motion to set aside the judgment be denied.
(2.) That the petitioner, Francis A. Dey, be made a party plaintiff.
(3.) That a reference be had to the Clerk of the Superior *Page 305 
Court, to ascertain and report the indebtedness of the said firm of Smith 
Dey; and that upon such reference, the evidence of said Francis A. Dey, taken before the Judge of this Court at Chambers, (counsel for all parties being present,) be read and considered.
(4.) That the fund now on deposit in the National Bank of Newbern, remain as heretofore, until the further order of this Court.
(5.) That upon the coming in of the report of said Clerk, the said fund be distributed as follows:
First. To the creditors (if any) of the said firm of Smith Dey, according to law;
Second. If there be no such creditors, or if there be such, the surplus, it any, then to be divided between the surviving partner, Francis A. Dey, of the firm of Smith Dey, and Ann L. Smith, the administratrix of John L. Smith, deceased, after paying all costs of suit.
From this judgment plaintiff appealed.
The question is, whether the Court can after the lapse of two years from the rendition of judgment, on motion of a stranger, add the name of a person as co-plaintiff who is neither a party or privy to the action?
It is conceded that the judgment in favor of plaintiff was taken according to the due course of a Court of competent jurisdiction and is in all respects regular. It is the final determination of the rights of the parties. C. C. P. sec. 216. The title has been adjudged to be in the plaintiff. When issue had been once taken and found, and judgment rendered, it is conclusive between parties and privies. 2 Cowen's Hill's notes to Phil. Ev. 804 to 810, 971; 2 Smith's L. cases tit. Estoppel. Duchess ofKingston's case.
A void judgment only, can be collaterally impeached. Hervey Co. v.Edmunds, 68 N.C. 243. The debt on which the *Page 306 
judgment is founded is admitted to be bona fide. The Court, after issue is regularly concluded, have no right to deprive the plaintiff of the standpoint she has gained, by re-opening issues. Isler v. Brown Cox,67 N.C. 175.
The defendant alone, upon allegations that the judgment was obtained by fraud, could make a motion in the cause to relieve it. Childs et. al., v.Martin, 69 N.C. 126. The judgment, if erroneous, must be impeached by a separate action for that purpose, and not by a motion in the cause at the instance of a stranger.
The amendment of the record, by adding the name of Dey, in effect divests the title of the plaintiff, and enables him to defeat the plaintiff's rights without giving her a day in Court. The power of amendment under sec. 132, C. C. P. cannot be exercised to the prejudice of parties who have acquired rights, without due notice. Williams et. al., v.Sharpe, 70 N.C. 582; Williams v. Houston, 71 N.C. Rep. 163; Philipse
v. Higdon. Busbee 380. It cannot be made at the instance of a per-not a party to the record. Davidson v. Cowan, 1 Dev. 304. When a final judgment is affirmed by the Supreme Court, the Superior Court had no power to set it aside. Isler v. Brown, 69 N.C. 125; by parity of reason it had no power to amend.
The surviving partner had neglected to assert his rights and removed from the State; his whereabouts were unknown — it was the duty of plaintiff under the circumstances to collect the debt. Drake v. Blount, 2 Dev. Eq. 353. The fact that suit was brought in her own name does not affect it. The presumption is that Smith transferred it to plaintiff.
If the voucher was not assigned to Smith, it was left with him as the selling partner; and the retiring partner left it at his own risk, discharged from all liens of co-partners or creditors. Allison v. Davidson, 2 Dev. Eq. 79; McCulloch v. Dashiel, 1 A. S.C. 589.
The representative of a deceased partner is equally liable with surviving partner for partnership debts. Revised Code 178, sec's. 84, 85. This fund is in Court. The representative *Page 307 
of a deceased partner is a tenant in common with surviving partner of all property in possession, and the moment a joint chose is reduced to possession, the right of the representative attaches. Jarvis v. Hyer, et.al., 4 Dev. 369.
This is substantially a proceeding for an account, and that plaintiff be declared a trustee for the creditors of the firm. She is entitled to a day in Court to make a defence.
The Statute of Limitations is a bar to this claim. Dey waited at least eight years — he delayed more than four years after Smith's death, nor does he show any excuse for the delay. Clemmons v. Haughton,70 N.C. 534.
A court of equity acts by analogy, to the Statute of Limitation at law.Knox v. Gye, 4 English Reports (Moaks notes) 44. The Court say where there is a remedy at law, and a correspondent remedy in equity supplementing that of the common law, and the legal remedy is subject by statute to a limit in point of time, a Court of Equity in affording the correspondent remedy will act by analogy to the statute, and impose on the remedy it affords, the same limit as to time.
In Tatam v. Williams, 3 Hare, 847, vice Chancellor WIGRAM dismissed a bill filed by a surviving partner against the executor of a deceased partner who had died 13 years before suit on the ground of lapse of time, and he added that a court of equity will not after six years (Statute 21Jac, which limited actions of account to 6 years) acquiescence, unexplained by circumstances or countervailed by acknowledgment, decree an account between a surviving partner and the estate of a deceased partner."
The drafts taken and accepted by Dey Sons, operated on the previous debt by way of accord and satisfaction. The transaction was per se a payment, or at least a substitution of the drafts for what was due and owing to Dey Sons, and the necessary implication is that they were given in full settlement of this voucher as well as for other property sold to Smith. Dey admits that he sold him the implements.
His Honor's findings are not warranted by the facts. Smith *Page 308 
as a partner had the power, from the time that Dey left in June 1866, till his death in March 1869, to sell or assign the voucher to the plaintiff. The presumption is, that the plaintiff had the legal title from the fact of possession, independently of her title by judgment, — this presumption is not rebutted.
There is no precedent to support the motion to set aside the judgment, at the instance of Dey. Possibly the city of Newbern, upon the disclosure of the fact, that Dey was the surviving partner might (for the purpose of delay) have maintained a writ of error, for matter of fact. But the idea that Dey can have the judgment set aside, so as to have himself substituted as plaintiff, and the judgment against the city of Newbern reinstated in his name as surviving partner, has no reason or authority to support it.
Concurring with his Honor on this point, we differ in respect to the orders, making Dey a party plaintiff, and directing an account of the indebtedness of the firm of Smith Dey, so as to have a settlement of the firm, upon a motion in the case of Smith v. City of Newbern. His Honor erred in making these orders, and carried the practice of "motions in the cause" farther than is warranted by the cases.
In McBryde v. Patterson, at this term, it is said: "The Code of Civil Procedure, in effect, requires or at least strongly recommends, all matters of controversy, growing out of the same transaction, or concerning the same subject, between all parties having an interest therein, to be disposed of in one action. This mode of procedure answers a good purpose, in the general, by saving costs, and preventing the necessity of resorting to more than one Court; but in particular cases, (of which the one now under consideration is a notable instance,) it produces so much confusion and complication as to almost put it out of the power of any one Court to deal with the case."
There, the complications accumulated in the progress of the *Page 309 
case. But here, the case is at an end — judgment; money paid into office. So there can be no motion in the cause, even if the matter thereof was germain to the case. But here, it is merely a controversy as to the settlement of the firm of Smith Dey.
His Honor ought to have left that matter to be disposed of by an action of account by Dey, surviving partner, against Mrs. Smith, the administratrix of the deceased partner, in which action the plaintiff might have a restraining order to protect the fund, that is, the money paid into office on the judgment, Smith v. City of Newbern, until the account of the firm was taken and the manner of distribution fixed.
It is not necessary to notice the other orders made by his Honor, inanticipation of the report of the Clerk. It is the practice to let such matters fall under the entry, "retained for further directions."
There is error.
PER CURIAM. Judgment below reversed, and judgment dismissing the motion,c., at Dey's cost. *Page 310