DAVID STRADLEY, Adm'r, v. H. W. KING and others.

*Executors and Administrators——Order setting aside sale of land for assets.*

Upon motion to vacate an order licensing the sale of land for assets, it appeared that the petition filed was not verified by administrator's oath and the guardian for infant defendant had not answered ; the sale was confirmed on the day it was reported without notice to defendant ; the price was not paid in money ; the administrator bought at his own sale through an agent, and there were inaccuracies in his account ; *Held* (1) that while the statute requiring verification is directory, yet there is no error in setting aside the order that the case may be reopened and defendant allowed to answer, and (2) that the motion may be treated in this case as an action to impeach the judgment.

(*Foard* v. *Blount*, 3 Ired., 576 ; *Brothers* v. *Brothers*, 7 Ired. Eq., 150 ; *Roberts* v. *Roberts*, 65 N. C., 27 ; *Shearin* v. *Hunter*, 72 N. C., 493 ; *Froneberger* v. *Lewis*, 79 N. C., 426 ; *Blue* v. *Blue*, Ib., 69 ; *Keaton* v. *Banks*, 10 Ired., 381 ; *Cowles* v. *Hayes*, 69 N. C., 406 ; *Vick* v. *Pope*, 81 N. C., 22 ; *Hervey* v. *Edmunds*, 68 N. C., 243 ; *Wolfe* v. *Davis*, 74 N. C., 579 ; *Mabry* v. *Erwin*, 78 N. C., 46, cited and approved.)

MOTION by defendants to set aside a judgment confirming a sale of land for assets, heard at June Special Term, 1880, of HENDERSON Superior Court, before *Schenck, J.*

The plaintiff appealed from the judgment.

*Messrs. J. H. Merrimon* and *Merrimon & Fuller,* for plaintiff.
*Messrs. W. W.* and *Armistead Jones,* for defendants.

SMITH, C. J.   The defendants, after due notice, apply to the probate court to vacate and set aside the judgment rendered therein on September 4th, 1871, whereby the sale of the tract of land before authorized for the payment of the debts of the intestate, then reported by the plaintiff, was confirmed and title directed to be made to the purchaser; and they assign as the grounds of the application inadequacy of price, false information conveyed in the report, fraud and collusion between the purchaser, (the attorney and adviser of the plaintiff) and the plaintiff, whereby the land was bought in for and secured to the latter, and irregularity and precipitancy in obtaining the judgment. An answer was put in by the plaintiff controverting these allegations and numerous affidavits filed by each party.

Upon the hearing before the judge of the superior court, to which the case was carried by appeal, he finds upon the evidence adduced the following facts:

1. The petition for the sale of the land is not verified by the oath of the administrator, nor was answer thereto made by the guardian of the infant defendants, as directed by law. Bat. Rev., ch. 45, §§ 62, 64.

2. The sale was confirmed on the day the report was made without notice to the defendants or to the guardian, and upon only such evidence of the fairness of the sale and the sufficiency of the sum bid as was furnished in the report, and it did not bring its market value.

3. The price was not paid in money but largely in claims

STRADLEY v. KING.

against the intestate, taken at less than their face value and surrendered and accepted at full value.

4. There was an antecedent agreement between the purchaser and the plaintiff that the land should be bid off by the former for the latter, although the purchaser, Osborn, did in fact buy for himself, and some months after getting title himself, sold and reconveyed for the same consideration to the plaintiff, and all these matters were well understood by him.

5. There are inaccuracies in the administration account rendering doubtful the alleged necessity for the sale.

Thereupon the court gave judgment setting aside the orders licensing the sale and confirming it as reported and directing title to be made, and allowing the defendants (who were then under age but have since attained majority) and the guardian of the infant defendant to put in answers to the plaintiff's complaint and contest the proposed sale, and the plaintiff appealed.

The case is not complicated by subsequent dispositions of the property to innocent purchasers and the disturbance of new interests thence arising, but the administrator still retains the land acquired in the manner stated, and claims it as his own. It is too well settled to need a reference that a personal representative, commissioner, or other person acting in a fiduciary capacity in the disposal of property, cannot buy directly or through the intermediate agency of another, and if he does so and acquires title by successive conveyances to and from such agent, he will be deemed to hold still upon the same trusts, as before, or the sale will be adjudged void at the election of those interested. The increased value imparted to the land by reason of improvements made in the reasonable expectation of acquiescence on the part of the latter, ought however in such case to be allowed out of the proceeds of sale or be repaid by those who reclaim the property, if there be a deficiency upon a

statement of the accounts. *Foard* v. *Blount*, 3 Ired., 576; *Brothers* v. *Brothers*, 7 Ired. Eq., 150; *Roberts* v. *Roberts*, 65 N. C., 27; *Shearin* v. *Hunter*, 72 N. C., 493; *Froneberger* v. *Lewis*, 77 N. C., 426.

While we consider the statutory requirement that the petition for an order of sale of the decedent's lands shall be supported by oath and that an answer be put in on behalf of infant defendants, directory, and its non-observance not fatal to the validity of the decree of sale made without, yet this departure from the statute followed by the precipitate action of the court in confirming the sale on the very day when it was reported and without opportunity afforded for objection, in our opinion, warrants the order which re-opens the case for such defences as the infant defendants may be able to set up. Bat. Rev., ch. 45, § 62, 64.

If the defendants were not entitled to previous notice of the intended motion to confirm before the probate judge, as intimated in *Blue* v. *Blue*, 79 N. C., 69, yet it was eminently proper to give it in the present case where the administrator had arranged for his own purchase of the property and was personally interested in the confirmation of his sale. While the lapse of time since, during which the defendants have slumbered upon their rights, may debar those who were then of full age, and perhaps such as have attained their majority more than three years before the commencement of this proceeding, one of them is still under age and is protected from the consequences of the delayed action.

The next point not free from difficulty is as to the mode of procedure adopted and the remedy sought through it. It is a well established rule that relief may and must be had by motion in the cause while it is pending and afterwards by a new and independent action. An irregular judgment is, as defined in the opinion in *Keaton* v. *Banks*, 10 Ired., 381, a judgment which has been signed upon the record and was not in fact the judgment of the court, which the

court ought not to have given and which the plaintiff or his attorney knew the court would not give or allow, may be corrected afterwards, if application be made within any reasonable time, having regard to the rights of third persons, as well as to those of the parties, as said in *Cowles* v. *Hayes,* 69 N. C., 406, and *Vick* v. *Pope,* 81 N. C., 22. See also *Hervey* v. *Edmunds,* 68 N. C., 243; *Wolfe* v. *Davis,* 74 N. C., 597; *Mabry* v. *Erwin,* 78 N. C., 46.

While the parties seem to regard the application as a motion in the cause, and as such it is admissible to correct the irregularly entered judgment, we see no reason why it may not be treated as an action to impeach the judgment complained of. The plaintiff is brought into court by notice, rendered unnecessary by the plaintiff's appearance, an impeaching complaint in the form of a petition is filed, and an answer thereto put in by the administrator, evidence is offered and heard, and without any demand for a jury or objection to the course of the judge in passing upon the facts, he finds them and thereon bases his judgment. All the substantial requirements of a new and independent action seem to meet in the course pursued to bring up the matter complained of for a re hearing.

We think, therefore, His Honor properly took cognizance of the cause and proceeded to determine it, and we approve his ruling in the premises.

There is no error and the judgment is affirmed. This will be certified to the superior court of Henderson county and it is so ordered.

No error.                                             Affirmed.