*MAY MURRILL and others v. A. J. MURRILL and others.

*Superior Court has no power to modify decree of this court.*

The superior court has no power to modify or change a judgment or decree of this court certified to the court below. Its powers are confined to incidental matters of detail necessary to carry the decree into effect, not inconsistent therewith. The rule that the superior courts have authority to vacate or modify decrees made in a cause, at any time before final judgment, does not apply here.

(*Calvert* v. *Peebles*, 82 N. C., 334; *State* v. *Lane*, 4 Ired., 434; *Grissett* v. *Smith*, Phil., 297; *Perry* v. *Tupper*, 71 N. C., 380; *Rush* v. *Steamboat*, 68 N. C., 72; *Ray* v. *Ray*, 12 Ired., 24; *Ashe* v. *Moore*, 2 Mur., 383; *Welch* v. *Kingsland*, 89 N. C., 179, cited and approved).

PETITION for partition heard at Fall Term, 1883, of ONSLOW Superior Court, before *Philips*, J.

This suit was brought to the spring term, 1851, of the late court of equity in and for Onslow county, to sell the lands mentioned in the pleadings for partition. The lands were sold and notes taken from the purchaser for the purchase money, in pursuance to the decree of the court. These notes were never paid,

---

*SMITH, C. J., did not sit on the hearing of this case.

the makers thereof having become insolvent, and there was never any order directing the title to the land to be conveyed to the purchaser. Nevertheless, the commissioner who sold the land executed a deed therefor, to the purchaser, the defendant A. J. Murrill, and he executed a deed therefor to the defendant D. A. Humphrey.

At the spring term of 1882 of the superior court, it was decreed that there was due to the infant plaintiffs, as part of the proceeds of the sale of the lands, the sum of $1,883.33, with interest on the same from the 1st day of January, 1852, until paid, and that the money so due was a lien upon the land mentioned in the pleadings. The decree directed a sale of the land to be made on the first Monday in December of 1882, unless on or before that day the defendant should pay into court the said sum of $1,883.33, and the interest thereon. The decree further directed that the deed executed by the commissioner to the defendant Murrill, and that executed by the latter to the defendant Humphrey, be brought into court and cancelled, and declared the same to be void. From that decree the defendants appealed, and this court, upon the hearing of that appeal, affirmed the decree.

The decree and opinion of this court were duly certified to the court below, with directions to proceed accordingly.

Afterwards, at the fall term of 1883 of the court below, that court, at the instance of the defendants, undertook to modify and change the decree affirmed by this court, and decreed that the defendants, as tenants in common, were entitled to one-third of the lands mentioned in the pleadings, or one-third of the proceeds of the sale thereof; that, as it appears to the court that the lands would not sell for a sum sufficient to pay the plaintiff's debt and interest, the defendant Humphrey should have one-third of the proceeds of the sale thereof. This is the substance of the modification and change of the decree affirmed by this court, made by the last decree of the court below. From this decree the plaintiffs appealed.

*Messrs. H. R. Bryan* and *Strong & Smedes,* for plaintiffs.
*Messrs. Nixon, Simmons & Manly,* for defendants.

MERRIMON, J., after stating the above. It is very clear that
it was the duty of the superior court to proceed in the case in
that court, in strict accordance with the decree of affirmance in
this court. Indeed, it had no authority to modify or change in
any material respect the decree affirmed. The latter decree is
conclusive as to the matters embraced by it, and the court below
had no power to review, correct or modify it. Any further ac-
tion taken in the case must be in pursuance of and consistent
with it.

Upon the plainest principle, the courts, whose judgments and
decrees are reviewed by an appellate court of errors, must be
bound by and observe the judgments, decrees and orders of the
latter court, within its jurisdiction. Otherwise, the court of errors
would be nugatory and a sheer mockery. There would be no
judicial subordination, no correction of errors of inferior judicial
tribunals, and every court would be a law unto itself.

Appellate courts of errors are founded upon the fundamental
principle and theory, and to the end that the errors of subordi-
nate judicial tribunals shall be corrected by them in the orderly
course of judicial procedure; the law applicable to the cases be-
fore them is unalterably settled and applied by their judgments
and decrees, until and unless these be altered by themselves in a
proper proceeding for the purpose, or by some proper action
attacking them for fraud, mistake, or other like consideration as
may be allowed by law. This view is in accordance with that of
this court in *Calvert* v. *Peebles,* 82 N. C., 334. In that case the
court, Mr. Justice ASHE delivering the opinion, said, "when
this court announced by its decision that there was no error in
the judgment of the court below, that court had no right or
power to modify that judgment in any respect. It could only
be done by direct proceeding alleging fraud, mistake, imposition,

&c." To the like effect are the cases of *State* v. *Lane*, 4 Ired., 434; *Grissett* v. *Smith*, Phil., 297; *Perry* v. *Tupper*, 71 N. C., 380.

This court is a court of errors in the broadest sense, and its judgments have all the force and effect of judgments of such courts, whether reference be had to the general principles of law applicable to them, or to the constitution and laws of this state. It is established as such a court; its jurisdiction and authority prescribed; and power to enforce its judgments conferred by the constitution. Art. IV, §§2, 6, 8, 12; THE CODE, §§957 and 962, prescribe how its judgments shall be entered, and the duties of the superior courts in respect to them. *Rush* v. *Steamboat Co.*, 68 N. C., 72.

The decree appealed from is manifestly in conflict with that affirmed by this court, and is intended to modify and change it. The latter established that a sum of money is due to the infant plaintiffs, and that this sum is a lien upon the land, in their favor, to the extent of the whole sum due: the former gives them but two-thirds of the proceeds of the land when sold, assuming that the land will not sell for a sum sufficient to pay the sum due them, and directs that the defendant Humphrey shall have one-third thereof.

It is unnecessary to enquire what were the grounds of this action of the court, for it is plain that it had no authority to make the decree; it was unauthorized and irregular. The court ought to have directed the sale of the land as provided by the decree affirmed by this court, only changing the same in such incidental respects as might be necessary to carry it into effect. The court had complete power to make all orders and decrees necessary for this purpose, not inconsistent with the decree affirmed.

We cannot suppose that the court below had any purpose to set at naught and disregard the decree of this court, but we take it that that court misapprehended the scope and effect of its decree affirmed by this court, and the extent of its powers over its own records. Strictly, an appeal was not the proper remedy for

the appellants, because there was not strictly error, and, therefore, no question raised for this court to decide. The object of the appellants was to have the decree in their favor recognized and enforced by the court, and this could be accomplished by a *mandamus. Ray* v. *Ray,* 12 Ired., 24. This, however, is unnecessary, for we do not doubt that the superior court will do its office according to law.

The counsel for the appellees, in the argument before us, insisted that the superior court had power to vacate and modify orders and decrees made in a cause before it at any time before final judgment, and he relied upon *Ashe* v. *Moore,* 2 Murp., 383, and *Welsh* v. *Kingsland,* 89 N. C., 179. The counsel clearly misapprehends the cases cited. Those cases and many others like them decide that the superior court may, before final judgment, look into the whole record, correct and modify its previous interlocutory orders and proceedings, properly ascertained to be erroneous, but this does not imply, or intend, that the superior court shall have power to revoke or modify a judgment of this court, affirming a final judgment, or its opinion in respect to interlocutory judgments, orders and decrees of that court in any case. The judgment of this court in respect to any question in the case reviewed by it must be treated as final and conclusive in the whole course of the action, and not subject to review or correction by the court below. The decision of this court settles definitely all questions reviewed by it. The chief object of this court is to settle finally questions of law as applicable to the cases properly brought before it.

The superior court improperly undertook to modify and change its decree affirmed by this court, and its action in that respect must be set aside, and the court proceed in the case according to law. Let this be certified to the superior court of Onslow county.

Error. Reversed.