O. B. D. EDWARDS v. G. L. PHILLIPS and others.

*Ejectment—Landlord and Tenant—Motion—New Action.*

In ejectment, the summons issued against the defendant, who was a lessee and the only person in possession of the land; *Held*, after judgment for plaintiff and ejection of defendant, a party alleging himself to be the landlord of the defendant cannot, by motion, be let in and allowed a writ of restitution. Such party can assert his right to the possession · by bringing a new suit against the plaintiff.

(*Smith* v. *Newbern*, 73 N. C., 303; *Stradley* v. *King*, 84 N. C., 635; *Thomas* v. *Orrell*, 5 Ired., 569; *Judge* v. *Houston*, 12 Ired., 108; *Wilson* v. *Hall*, 13 Ired., 489, cited and approved.)

MOTION heard at Spring Term, 1884, of MITCHELL Superior Court, before *Shipp, J.*

The defendant G. L. Phillips made this motion, upon affidavits, to be allowed to come in and defend the action as landlord, and for a writ of restitution, placing his ejected tenant into possession of the premises in dispute until the final hearing. The motion was refused and the defendant appealed.

No counsel for plaintiff.

*Msssrs. Batchelor & Devereux, Gudger* and *Marsh & Greene,* for defendant.

SMITH, C. J. The plaintiff having obtained leave from the judge of the district to sue as a poor person, on the 6th day of November, 1882, instituted his action against the defendant, Claiborn Johnson, to recover possession of a tract of land described in his complaint, whereof he alleges himself to be the owner in fee, and the defendant in the

wrongful and unlawful occupancy with withholding it from him.

The summons issuing in the cause was served on the defendant and returned to the next term of the superior court. At the same term held in the spring of 1883, the plaintiff filed his complaint and the defendant failing to appear and answer the same, the following judgment was rendered :

"This cause coming on to be heard and it appearing to the satisfaction of the court that no answer has been filed to the complaint of the plaintiff, on motion of J. L. McElroy and J. W. Bowman, attorneys, it is adjudged that the plaintiff recover the lands described in his complaint of the defendant, Claiborn Johnson, and that the clerk of the said superior court of Mitchell county issue to the sheriff of said county, a writ commanding him to remove the said Claiborn Johnson from the said lands above named, and that the said sheriff put in possession of the said land the plaintiff, and that the defendant pay the cost of this action to be taxed by the clerk." (Signed by GUDGER, J.)

In June following G. L. Phillips the appellant caused a notice to be served on the plaintiff of an intended motion to be made, before the judge who tried the cause, at chambers, for an order of restitution of the land to his tenant Emory Bennett and to strike out the judgment and admit himself to come in and defend the action. In support of his motion he read his own affidavit upon the hearing and therein states in substance :

That he resides in Tennessee and believes he has title in fee to the premises derived under a deed from one Birchfield made in 1876; that the plaintiff theretofore brought suit for the land against Birchfield and a tenant of his in possession and failed to recover; that the plaintiff again sued affiant's other tenant and the action was dismissed at his costs; that affiant's agent had leased the land to the defendant John-

son for the year 1882, and to Emory Bennett for the suc-. ceeding year who had entered upon his term and was ejected under the writ of possession issued on the judgment, of the proceeding in which affiant had not, nor did his said agent have any notice before ; that he is informed that the plaintiff had been on the premises and summoned him as a witness on his (the witness') own behalf to appear at the next term of the court, misleading him as to the nature and purposes 'of the process served and causing him to make default; that the plaintiff is utterly insolvent and bills of cost against him incurred in previous suits remain unpaid and cannot be collected, and that affiant has expended large sums of money in making improvements upon the land.

The record proper does not so state, but the case on appeal sent up does, that a restraining order as to rents was granted and the further hearing of the motions was by consent postponed to the next regular term of Mitchell superior court and then the cause not being reached, it was continued and decided against the applicant who appeals.

The motions were denied upon two grounds :

1. For that the said Phillips was not a party to the record and could not be heard to make the motions.

2. For that the judgment being granted by the judge, it must be presumed to have been done with knowledge of the facts and could not be disturbed.

We are unable to find any just cause of complaint in the ruling of the court, or indeed any authority to warrant the present proceeding.

The defendant was in possession of the land when the action was brought and against him only could it be prosecuted and he seeks no relief from the judgment. No other person can complain, as he alone is affected by it. This is expressly held when the application is made under section

133 of C. C. P., (THE CODE, § 274,) in the case of *Smith* v. *Newbern,* 73 N. C., 303.

The remedy is equally restricted when the action is to impeach directly a judgment already rendered, and is confined to such as are parties aggrieved by it.

The case cited and relied on, *Stradley* v. *King,* 84 N. C., 635, does not furnish any precedent for the course here pursued. It was an application, possessing all the substantial elements of a new impeaching action and we held might be so considered in answer to the objection that it was a motion in a determined cause and could not be entertained. But it was instituted by aggrieved parties in the action against the plaintiff and could be entertained, if not as a motion, as a new and original suit to impeach the judgment.

Reference was made to two other cases to show that the court would, under some circumstances, control the writ of possession when its issue and enforcement would work injustice to others in possession, who were not parties.

In *Thomas* v. *Orrell,* 5 Ired., 569, one of two persons in possession whose interest had been sold under execution and bought by the lessor was not allowed to resist a recovery against himself by showing title in another, Ruffin, C. J., declaring that every plaintiff in ejectment takes possession at his own risk and must take care not to take more than he is entitled to, nor to turn out persons who have the title on which there has been no judicial decision. The lessor of the plaintiff can of course have the defendant put out of the premises, but he will enter himself at the hazard of being a trespasser on the sons, provided they really are entitled to the land.

So after judgment, says PEARSON, J., if the sisters of the defendant can satisfy the court by proper affidavit that they have a *bona fide* claim to a life estate in the land and are in possession, the court has power to order the writ of posses-

sion not to be issued until the plaintiff brings an action of ejectment against them. *Judge* v. *Houston,* 12 Ired., 108.

Again, in the case of *Wilson* v. *Hall,* 13 Ired., 489, where the lessor had eight children, of whom two claiming the land conveyed to the defendants and died intestate whereby the land descended to his heirs at law, it was ruled that after judgment the writ should be so moulded as to put the other six children in possession with the defendants but not to put them out.

These cases do not support the present application. The defendant was the only person in possession, when the summons issued, as lessee for the current year according to the affidavit, and no other could be sued.

The appellant has his remedy to regain possession by a new suit against the plaintiff if the allegations he makes are true, and the plaintiff would not be allowed to defend without securing the accruing rent, unless allowed to do so as a poor person, and, in a proper case, a receiver might be appointed. The law gives no sanction to his present motion, and the adverse judgment of the court in response thereto is not erroneous.

No error.                                                     Affirmed.