## JOHNSON v. JOHNSON.

(Filed October 30, 1906).

*Motion to Vacate Judgment—Right of One not a Party—Action to Annul Marriage—Jurisdiction—Affidavit.*

1. Upon a motion by the plaintiff to set aside a decree of the Superior Court upon the ground that the Court had acquired no jurisdiction, one who was not a party to the action, but claims that his title will be affected if the decree is set aside, has no right to be heard upon this motion.

2. An action to annul a marriage contract on the ground of incapacity, is a proceeding for divorce, and the affidavit required in divorce cases being jurisdictional, in the absence of it the Court is powerless to make a decree invalidating the marriage, and the plaintiff's motion to set it aside was properly allowed.

ACTION by Adella V. Johnson against W. Mangum Johnson, heard by *Judge Fred. Moore* at the May Term, 1906, of the Superior Court of CHATHAM.

This was a motion by the plaintiff to set aside a decree invalidating her marriage to the defendant. At the same time, J. A. Dark (the appellant) made application to be allowed to intervene and oppose said motion. The motion and application were heard by *Judge Moore,* who denied the application of Dark and granted the plaintiff's notion, from which judgment the said Dark appealed, and assigns as error, first, that the Court erred in refusing the said application to intervene, and second, that the Court erred in granting the plaintiff's motion.

The case is reported in 141 N. C., 91, which is referred to for the facts.

*H. A. London & Son, R. H. Hayes* and *W. D. Siler* for the appellant.

*N. Y. Gulley* and *R. H. Dixon contra.*

BROWN, J. The petitioner, Dark, bases his right to intervene upon the ground that "the affiant is the owner of certain real property, which is a part of the property described in the complaint in this action, having paid a full and fair price for the same and taken a deed therefor from H. A. London, W. D. Siler, and R. H. Hayes, who, as he is informed and believes, had purchased the same from the plaintiff, and that as such owner he desires to interplead in this cause and set up his rights." His Honor denied Dark's application to intervene on the hearing of the plaintiff's motion, and then adjudged "that so much of the decree made at May Term, 1905, as declares the marriage of Adella V. Johnson and W. Mangum Johnson to be null and void, to be set aside, the same being irregular and void, the pleadings not being verified as required by statute, the Court had no jurisdiction to make such decree, and the parties are allowed to resume their former relation as husband and wife."

The petitioner, Dark, had no right to be heard upon this motion. Pomeroy Code Rem., secs. 320 and 321. He was not a party to the action, and cannot be heard on a motion to set aside the decree made by the plaintiff upon the ground that the Superior Court had acquired no jurisdiction. If it should turn out upon a trial that his title is affected because the Court set aside a decree it had no jurisdiction to render, it is his misfortune.

This is a proceeding for divorce. *Lea v. Lea,* 104 N. C., 603. It is so held in this case in the concurring opinion on the former appeal, which the writer approves. The affidavit required in divorce cases being jurisdictional, it follows that in the absence of it the Court was powerless to make the decree, which has therefore been properly set aside. *Hopkins v. Hopkins,* 132 N. C., 22.

Appeal Dismissed.