IN RE GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. CAROLINA STATE BANK OF GIBSON, UPON MOTION OF MRS. A. P. (SALLIE) BULLARD.

(Filed 9 October, 1935.)

**1. Judgments K b—Only parties against whom order is entered may move to set aside for surprise, excusable neglect, etc.**

Judgment was obtained upon the statutory liability of a holder of stock in a bank in course of liquidation. The liquidating agent obtained an order of the court for the sale of the judgment, C. S., 218 (c) (7), and in accordance with the order the judgment was assigned to a purchaser. The stockholder made a motion in the cause to set aside the order for the sale of the judgment under C. S., 600, for surprise, excusable neglect, etc. *Held:* Movant was without authority to intervene and move to set aside the order, since she was not a party against whom the order was taken, and her rights were not thereby adversely affected, since the rights of a judgment debtor are not affected by the assignment of the judgment, and she may not maintain that her rights as a creditor of the bank were adversely affected by the disposition of its assets by the liquidating agent in the absence of allegation of fraud, bad faith, or neglect on the part of the liquidating agent.

**2. Judgments P c—**

A judgment debtor has no interest in the assignment of the judgment since the assignee takes it subject to and charged with all equities which could be asserted against the assignor at the time of the assignment.

**3. Banks and Banking H c—**

A creditor of a bank may not maintain an action to interfere with the disposition of its assets by the liquidating agent in the absence of any allegation of fraud, bad faith, or neglect on the part of the liquidating agent, and a showing that a greater return would result from the disposition of the assets as contended for by the creditor.

APPEAL from *Alley, J.,* at Chambers in Monroe, 29 January, 1935. From SCOTLAND. Reversed.

This cause came on to be heard upon the motion of Mrs. A. P. (Sallie) Bullard to have set aside an order made by his Honor, A. M. Stack, resident judge of the 13th Judicial District, pursuant to C. S., 218 (c) (7), authorizing the sale to S. J. T. Quick of a stock assessment judgment in the sum of $1,000, theretofore taken against her by the Corporation Commission. Mrs. Bullard, according to her petition upon which her motion is predicated, seeks to have the order of Stack, J., set aside upon the ground that it deprived her of an opportunity to purchase said judgment, and was entered through her mistake, inadvertence, surprise, and excusable neglect.

On 19 December, 1930, the Carolina State Bank of Gibson, North Carolina, closed its doors, and since that time has been in the process

of liquidation. On ...... February, 1931, the Corporation Commission, under authority of what is now C. S., 218 (c) (13), levied a stock assessment against Mrs. Bullard for $1,000, and filed copy of such levy in the office of the clerk of the Superior Court and docketed judgment thereon in Scotland County. On 8 October, 1932, Gurney P. Hood, Commissioner of Banks, as successor of the Corporation Commission, obtained judgment upon said stock assessment in the Court of Common Pleas of Marlboro County, South Carolina, and had said judgment docketed in said county, where Mrs. Bullard resided and owned property. On 17 October, 1934, the Commissioner of Banks, pursuant to an order of court, advertised for sale at public auction, on 20 November, 1934, the remaining uncollected assets of the bank, including said stock assessment judgment against Mrs. Bullard, the amount of which had then been reduced to $893.28 by being credited with the amount of her deposit in said bank. On 10 November, 1934, the Commissioner of Banks, upon receiving an offer of $200.00 in cash for said judgment from S. J. T. Quick, presented a petition to his Honor, A. M. Stack, as resident judge, and obtained from him the order authorizing the sale of said stock assessment judgment to said Quick, and, upon payment by Quick to the Commissioner of the sum of $200.00 in cash, said Commissioner duly assigned, without recourse, said judgment to said Quick. On 25 January, 1935, Mrs. Bullard, upon motion and affidavit, obtained an order from his Honor, Felix E. Alley, the judge then presiding in the 13th Judicial District, setting aside the order authorizing the sale of the stock assessment judgment to Quick, made by the resident judge of said district, and ordered a sale at public auction of said judgment. To the order of Alley, J., the Commissioner of Banks and S. J. T. Quick excepted and appealed to the Supreme Court, assigning errors.

*Thomas J. Dunn for Hood, Commissioner of Banks, appellant.*
*J. K. Owen for S. J. T. Quick, appellant.*
*John G. Carpenter and J. E. Dudley for Mrs. A. P. Bullard, appellee.*

SCHENCK, J. From the facts set forth in the record, it appears that Mrs. Bullard, the movant, was without authority to intervene to have set aside the order involved in this proceeding, since she was not a party against whom such order was taken. Her motion was not lodged to set aside the stock assessment judgment taken against her in a proceeding to which she was a party, but was lodged to set aside the order authorizing the sale of said judgment to S. J. T. Quick, entered in a proceeding in which she was not a party; and was lodged under C. S., 600, which provides that: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judg-

ment, order, verdict, or other proceeding taken against him, through his mistake, inadvertence, surprise, or excusable neglect, . . ."

The order of Stack, J., authorizing the sale by the Commissioner of Banks of the stock assessment judgment, as provided by C. S., 218 (c) (7), was not an order taken against Mrs. Bullard. This order authorizing the sale of the stock assessment judgment affected only the liquidating agent and whomever purchased by virtue thereof, and so far as Mrs. Bullard was concerned, the order was *res inter alios acta*. In the sight of the law, at least, it matters not to the judgment debtor who the judgment creditor is. "Since a judgment is an assignable chose in action, the assignee takes it subject to and charged with all the equities which could be asserted against it in the hands of the assignor at the time of the assignment." 15 R. C. L., 779.

In *Smith v. New Bern*, 73 N. C., 303, it was held that the remedy now provided under C. S., 600, is restricted to the parties aggrieved by the judgment or order sought to be set aside, and that the Superior Court had no power under C. C. P., 133, brought forward in part as C. S., 600, to set aside a judgment or order once rendered upon motion of a stranger to the cause. This holding was reiterated in *Edwards v. Phillips*, 91 N. C., 355, wherein it was said: "No other person can complain as he (the defendant) alone is affected by it (the judgment). This is expressly held when the application is made under section 133 of C. C. P. (The Code, sec. 274), in the case of *Smith v. New Bern*, 73 N. C., 303." See an interesting discussion of the general rule that strangers cannot have judgments vacated, annulled, or set aside in note to *Tyler v. Aspinwall* (Conn.), 54 L. R. A., 758, 768; also *Rollins v. Henry*, 78 N. C., 342, and *Walton v. Walton*, 80 N. C., 26.

Mrs. Bullard, the movant, makes the further contention that, since the liquidated bank has paid its depositors in full, any amount above $200.00 which could be obtained for the stock assessment judgment against her would inure to the benefit of the stockholders, of whom she is one, by way of credit on such judgments, and for that reason the order authorizing the sale of said judgment for $200 was against her interest and "taken against her," and therefore entitled her to relief under C. S., 600. This contention is untenable for two reasons, first, Mrs. Bullard, as a creditor of the bank, cannot question the manner of the disposition of the assets of the bank by the Commissioner as receiver of the bank, in the absence of any allegation of fraud, bad faith, or neglect on the part of the receiver, *Bickley v. Green*, 187 N. C., 772, 774; and, second, there is no allegation or finding of fact that the stock assessment judgment would bring more than $200.00 and costs if exposed to sale at public auction. In fact, the order of Alley, J., rather indicates that there would be no increase in the amount obtained for

such judgment, since it provides that the judgment be sold to Mrs. Bullard for $200.00 in the event no higher bid is made therefor at a resale.

Since we are of the opinion, and so hold, that the Superior Court was without authority to entertain the motion of Mrs. Bullard, upon which the order setting aside the order of Stack, J., was predicated, the order of Alley, J., is

Reversed.