## MARY K. SHAVER v. FLOYD N. SHAVER.

(Filed 26 June, 1956.)

**1. Divorce and Alimony § 22: Judgments § 24—**

A person who is neither a party nor a privy to an action has no standing to vacate the judgment by a motion in the cause.

**2. Appeal and Error § 2—**

Where it appears upon the face of the record that the party moving to vacate a judgment was neither a party nor a privy to the action, the Supreme Court will take notice of the fatal defect *ex mero motu* and order the motion dismissed.

APPEAL by plaintiff and defendant from *Hall, J.,* October Term, 1955, DURHAM.

Motion in the cause by Stanley M. Carpenter, second spouse of plaintiff, to have declared void the decree of absolute divorce entered herein 27 May, 1946.

The divorce action and decree were in all respects regular on the face of the record. The cause for divorce was two years separation. G.S. 50-6. Upon the jury's verdict establishing two years separation, the decree was entered.

Carpenter's motion attacks the decree on the ground that in fact plaintiff and defendant had not lived separate and apart continuously for two years prior to 10 May, 1946, the date the divorce action was commenced; that plaintiff's affidavit, complaint and testimony, in this respect, were false; and that by reason of such perjury, the Superior Court of Durham County, which apparently acquired jurisdiction, in fact had no jurisdiction and would not have attempted to exercise jurisdiction if the true facts had been disclosed.

Plaintiff and defendant, appearing specially for that purpose only, moved to dismiss Carpenter's motion on the ground that they had not been properly served with notice of said motion.

This appeal is from the court's order overruling the said motions made by plaintiff and defendant.

*Haywood & Denny for plaintiff Mary Shaver Carpenter, appellant.*
*Oscar G. Barker and Reade, Fuller, Newsom & Graham for Stanley M. Carpenter, movant.*
*Ludlow T. Rogers for defendant Floyd N. Shaver, appellant.*

PER CURIAM. The movant, Carpenter, is a stranger to this cause. He is neither party nor privy.

The general rule is that a stranger to the record, who is neither a party nor a privy to the action, unless authorized by statute, ordinarily has no standing to vacate a judgment by a motion in the cause. *Smith v. New Bern,* 73 N.C. 303; *Edwards v. Phillips,* 91 N.C. 355; *Johnson v. Johnson,* 142 N.C. 462, 55 S.E. 341; *In re Bank,* 208 N.C. 509, 181 S.E. 621; 49 C.J.S., Judgments, p. 540; 31 Am. Jur., Judgments sec. 722; Annotations: 99 A.L.R., p. 1310; 12 A.L.R. 2d, p. 727.

This fatal defect appears on the face of the record. This being so, it is immaterial whether notice of hearing on Carpenter's motion was properly served on plaintiff and defendant. This Court takes notice *ex mero motu* that Carpenter cannot proceed with his motion and will order it dismissed. *Cf. Garrison v. Williams,* 150 N.C. 674, 64 S.E. 783; *Watson v. Lee County,* 224 N.C. 508, 31 S.E. 2d 535; *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911.

In accordance with this opinion, the lower court will enter an order dismissing Carpenter's said motion.

Docketed as #674, Fall Term, 1955, this appeal was carried over and docketed as #666, Spring Term, 1956. This appeal, and the appeal in *Carpenter v. Carpenter, ante,* 286, this day decided, were argued together at Fall Term, 1955. As will be observed, in *Carpenter v. Carpenter,* an independent action for annulment, Carpenter (the movant herein) undertakes to attack collaterally the same divorce decree.

Reversed.