A. CANNON v. HENRY BRIGGS.

(Filed 12 December, 1917.)

**Courts—Clerks of Court—Taxing Costs—Surveyor—Statutes—Appeal and Error.**

Where a court survey of lands has been ordered and made, and the trial judge has failed to make an order allowing compensation to the surveyor, the clerk of the court has no power to make the allowance (Revisal, sec. 1504) ; but, on appeal from the clerk's refusal, the judge of the Superior Court should make it, upon motion made to that effect; and in this case permission to renew the motion at the next term of the Superior Court of the county is granted.

MOTION to retax costs in above case, heard by *Lane, J.,* at May Term, 1917, of HENDERSON.

The motion was denied, and defendant appealed.

*No counsel for plaintiff.*

*O. V. F. Flythe for defendant.*

CANNON *v.* BRIGGS.

BROWN, J.   The defendant obtained a verdict and judgment in this action, brought for the recovery of land and to remove a cloud from title. In taxing the costs, the clerk failed to tax the fees and charges of the court surveyor, who had been ordered to make the necessary survey.   In apt time defendant moved before the clerk to retax the costs and include surveyor's bill.   The clerk ruled that he had no authority to tax the surveyor's fees in the bill of costs, as the judge who tried the case made no order fixing the allowance to the surveyor under the statute.   Defendant excepted and appealed.

The appeal was heard by *Lane, J.,* at the regular term of the Superior Court for Henderson County, who made this order:

"This cause coming on to be heard on appeal from the clerk, on motion of the defendant to allow the charges of T. C. Anderson and Henry Briggs for surveying, and being considered, the claim is not allowed, the court being of opinion that it has not the right to allow the same."

We are of opinion that the ruling of the clerk was correct.   The clerk has no power to make an allowance to the surveyor.   That power is given to the judges of the Superior Court by Revisal, sec. 1504.

The statute provides for making surveys under order of court, and for the compensation of the surveyor, and declares: "And for such surveys the *court* shall make a proper allowance, to be taxed as among the costs of the suit."

The word "court," as used in this statute, refers to the judge, and not to the clerk.   The allowance to experts used in civil or criminal actions is generally fixed by the judge who tries the case, and doubtless would have been fixed in this instance if brought to the attention of the trial judge before the adjournment of the trial term.

The law, however, will not allow an inadvertence or oversight to work an injustice.   It is a recognized practice to retax costs and include witness tickets and other items that have been omitted.

The judge had the power to fix the allowance, although he did not try the case.   It was his duty, on the hearing of this appeal, having full jurisdiction over the entire matter, to grant the motion made then before him, and fix the allowance and order it to be taxed in the bill of costs, to be paid as the other costs, under the final judgment rendered by the judge who tried the case.

The cause is remanded, with permission to renew the motion at the next term of said court.

Error.