### P. J. IPOCK v. WYNNE MILLER AND COLEY MILLER.

(Filed 27 February, 1957.)

Costs § 3a—

> Where plaintiff fails to recover in an action involving title to real property in which a court survey is ordered, the clerk is without authority to tax the surveyor's fees in the bill of costs, but on appeal from the clerk's order, the Superior Court, while properly affirming the clerk's order, should pass upon the motion for taxing such fees as a part of the costs as a matter of right. G.S. 6-19.

APPEAL by defendant from *Morris, J.,* at November 1956 Term of CRAVEN.

Civil action to recover damages for trespass, and to enjoin further trespass upon certain land in Craven County, North Carolina, of which plaintiff alleges he is owner and entitled to possession,—heard upon motion of defendants to tax cost of surveying defendants' contentions as set forth on court map, pursuant to provisions of G.S. 6-19.

Defendants, answering complaint filed by plaintiff, denied the allegations of plaintiff's ownership of land therein described, and of their trespass thereon, and set up cross-action and counterclaim in which they assert in themselves ownership of the same lands, and plead same in bar of plaintiff's right to recover.

Thereafter at February Term 1956 the presiding judge by consent-order duly signed and entered, appointed a court surveyor and directed him to survey the contentions of both plaintiff and defendants, and to prepare blueprints for use at the trial of the cause by the parties, court and jury. And the court further ordered plaintiff and defendants, each,

to pay into the hands of the Clerk of Superior Court the sum of $25.00 "to be applied toward the expense of the survey and blueprints."

Thereafter, at October Term 1956, judgment as of nonsuit was granted, and plaintiff was "taxed with the costs to be taxed by the Clerk."

To this judgment plaintiff objected and excepted and appealed to Supreme Court, notice of which was given in open court, and plaintiff was given sixty days within which to serve case on appeal and defendant was given thirty days thereafter to serve counter-case.

Thereafter on 30 November, 1956, attorneys for defendants, after notice to plaintiff and her attorneys, moved before Clerk of Superior Court for an order taxing against plaintiff the costs of surveying the defendants' contentions as set forth on the court map under provisions of G.S. 6-19. The Clerk, upon hearing the motion, being of opinion that he had no authority to tax the surveyor's fees in the bill of costs, and being of further opinion that the provisions of G.S. 38-4 and the case of *Cannon v. Briggs*, 174 N.C. 740, 94 S.E. 519, applied, entered an order on 4 December 1956, denying the motion. Defendants excepted and appealed to Superior Court.

And on 5 December, 1956, Judge of Superior Court ruled that "The foregoing order is hereby sustained."

Defendants except thereto and appeal to Supreme Court, and assign error.

*R. E. Whitehurst for plaintiff appellee.*
*L. T. Grantham and Lee & Hancock for defendants appellants.*

WINBORNE, C. J. Appellant challenges the action of the Judge of Superior Court in merely sustaining the order of the Clerk.

In this connection it is noted that when in an action for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified by the court to have come in question at the trial, plaintiff fails to recover, the defendant shall be allowed costs therein as a matter of course. G.S. 6-19.

Moreover, "When in any suit pending in the Superior Court the boundaries of lands are drawn in question, the court may, if deemed necessary, order a survey of the lands in dispute, agreeable to the boundaries and lines expressed in each party's title, and such other survey as shall be deemed useful, which surveys shall be made by surveyors appointed by the court . . . or by one surveyor, if the parties agree; . . . and for such surveys the court shall make a proper allowance to be taxed as among the costs of the suit." G.S. 38-4, also *Cannon v. Briggs, supra.*

This Court held in *Cannon v. Briggs, supra* (an action for recovery of land and to remove a cloud from title), that where a court survey

of lands has been ordered and made, and the trial judge has failed to make an order allowing compensation to the surveyor, the Clerk of the court has no power to make the allowance (then Rev. Sec. 1504, now G.S. 38-4), but on appeal from the Clerk's refusal, the Judge of the Superior Court should make it, upon motion made to that effect. And this Court in that case granted permission to renew the motion at the next term of the Superior Court of the county.

In the instant case the Clerk correctly ruled that he had no authority to tax the surveyor's fee in the bill of costs. On the appeal therefrom the Judge of Superior Court properly sustained the order of the Clerk. But the appeal being before the Judge, he should have passed upon the motion. And as in *Cannon v. Briggs, supra*, this cause is remanded, with permission to renew the motion at the next term of Superior Court of Craven County.

Error and remanded.