MARY ALMA HINES, PLAINTIFF v. THOMAS W. PIERCE, DEFENDANT
AND THIRD PARTY PLAINTIFF v. R. P. CRAVEN AND WIFE, CLADIE
CRAVEN AND K. V. BRILES AND WIFE, INA BRILES, THIRD PARTY
DEFENDANTS

No. 7419SC675

(Filed 16 October 1974)

1. Trespass to Try Title § 4— insufficiency of evidence of title

In an action to recover damages for the removal of timber wherein
title to the land in question was disputed, the trial court properly
granted defendant's motion for directed verdict where plaintiff failed
to prove title by any of the methods stated in *Mobley v. Griffin*, 104
N.C. 112, and failed to show that the area from which the timber
was removed is embraced within the description in her deeds.

2. Boundaries § 8— directed verdict in trespass to try title action — effect
on processioning proceeding

The allowance of defendant's motion for directed verdict on
plaintiff's claim for damages for removal of timber did not prejudice
her processioning proceeding to establish the true boundary line
where the motion was made and allowed in the absence of the jury.

3. Trial § 10; Rules of Civil Procedure § 51— remarks of court — no ex-
pression of opinion

Trial court's remarks with reference to plaintiff's evidence and
counsel did not constitute an expression of opinion in violation of
Rule 51(a).

4. Costs § 4— surveyors' fee as part of costs

Where plaintiff failed to recover in an action involving title to
real property in which a court survey was ordered, the trial court
properly ordered the expense of the survey included in the costs taxed
to the plaintiff, and a surveyor's fee of $1,020 was reasonable in this
case. G.S. 38-4(d).

APPEAL by plaintiff from *Crissman, Judge*, 4 February 1974
Session of Superior Court held in RANDOLPH County.

In her complaint, filed 17 May 1971, plaintiff alleged: She
is the owner of a 47-acre tract of land, described in the complaint
by courses and distances. On or about 15 March 1971, defendant
entered upon plaintiff's land, cut and removed timber there-

Hines v. Pierce

from, and continues to cut and remove plaintiff's timber. She asked for temporary and permanent injunctive relief and for monetary damages in amount of $10,000.

In his answer, defendant denied plaintiff's title to the 47 acres of land described in the complaint, and denied cutting or removing any timber from, or in any way trespassing upon, any lands belonging to plaintiff. In a further defense, defendant alleged ownership of a 20.25-acre tract of land which he described by courses and distances. In a third party complaint, he brought in as third party defendants the persons who had conveyed the 20.25-acre tract to him by warranty deed.

On 22 September 1971, surveyors were appointed by the court " . . . to survey all lands in dispute according to the contentions of the plaintiff and the defendant and report the same with maps to this court." On 18 September 1973, the court entered an order allowing plaintiff to amend her complaint to allege a processioning "proceeding to establish a true boundary line between the plaintiff and the defendants." Plaintiff amended her complaint pursuant to the order and defendant filed answer to the amendment.

At the conclusion of plaintiff's evidence, defendant moved for a directed verdict as to plaintiff's claim for damages on the ground that plaintiff had failed to make out a prima facie case of title to the property within the area where she contends the timber was cut. The motion was overruled and defendant presented evidence. At the close of all the evidence, defendant renewed his motion for directed verdict and it was allowed.

As to the boundary dispute, the court submitted issues which were answered in favor of defendant. From judgment predicated on the verdict and taxing plaintiff with the costs, including a $1,020 surveyors' bill, plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Miller, Beck, O'Briant and Glass, by Adam W. Beck, for defendant appellees.*

BRITT, Judge.

[1]  Plaintiff assigns as error the allowance of defendant's motion for directed verdict on plaintiff's claim for damages. This assignment has no merit.

In 7 Strong, N. C. Index 2d, Trespass To Try Title, § 2, pp. 250-51, we find: "In an action in trespass to try title, defendant's denial of plaintiff's title and of the trespass places the burden upon plaintiff to prove title in himself and trespass by defendant. Plaintiff must rely on the strength of his own title, which he must establish by some recognized method. Further, plaintiff must not only show good paper title, he must also show that the area claimed is embraced within the descriptions in his instruments . . . . "

The methods recognized to establish title to real estate in this jurisdiction are enumerated in the often cited case of *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889). Plaintiff's proof of title failed to comply with any of the methods stated in *Mobley.* Furthermore, plaintiff failed to show that the disputed area from which the timber was cut and removed is embraced within the description in her deeds.

[2]　Plaintiff further argues that the granting of defendant's motion for directed verdict on her claim for damages prejudiced her "processioning proceeding"; that it amounted to an expression of opinion by the trial judge. We reject this argument. The record reveals that the motions for directed verdict were made, and the second motion was allowed, in the absence of the jury. On the facts appearing, we hold that the court did not err in allowing the motion.

[3]　By five assignments of error, plaintiff contends "[t]he adverse comments, remarks and language of the trial judge with reference to the plaintiff's evidence and plaintiff's counsel were of such antagonistic propensity toward the plaintiff that she was denied her right to a fair trial," in violation of G.S. 1A-1, Rule 51(a). The major portion of plaintiff's brief is devoted to a discussion of these assignments. Suffice it to say, we have carefully considered the assignments and find them to be without merit. It is well settled that it is the duty of the trial judge to supervise and control the trial to prevent injustice to either party, and in discharging that duty the trial judge has large discretionary powers. 7 Strong, N. C. Index 2d, Trial § 9, pp. 266-67. We hold that the trial judge did not abuse his discretion in the conduct of the trial in this case.

[4]　Plaintiff assigns as error the action of the trial judge in ordering plaintiff, as a part of the costs, to pay the surveyors' bill of $1,020. This assignment has no merit. Costs follow the

final judgment, *Whaley v. Taxi Co.*, 252 N.C. 586, 114 S.E. 2d 254 (1960), and where judgment is rendered in a defendant's favor on the controverted issue, plaintiff is properly taxed with the costs. *Bundy v. Credit Co.*, 202 N.C. 604, 163 S.E. 676 (1932). Where a plaintiff fails to recover in an action involving title to real property in which a court survey is ordered, the trial judge has the authority and duty to order the expense of the survey included in the costs. G.S. 38-4(d) (Supp. 1973); *Ipock v. Miller*, 245 N.C. 585, 96 S.E. 2d 729 (1957). There is no showing that the surveyors' bill in the case at bar was unreasonable.

We have considered the other assignments of error argued in plaintiff's brief but find them to be without merit.

No error.

Judges HEDRICK and BALEY concur.