JESSE THIGPEN v. DR. JAMES W. PIVER

No. 774SC842

(Filed 1 August 1978)

1. **Rules of Civil Procedure § 41— cost of deposition—counsel's knowledge of items of costs**

   The evidence was sufficient to support the trial court's finding that plaintiff's counsel knew that the cost of taking plaintiff's deposition in a prior action would be an item of costs in that action where it showed that plaintiff's counsel attended and participated in the taking of plaintiff's deposition; plaintiff, through counsel, thereafter took a voluntary dismissal of the action; at the request of defendant's counsel, the $103 disbursement for the deposition was entered as an item of costs in the record; and before instituting a new action, plaintiff's counsel discussed the item with the assistant clerk of court who entered the cost of the deposition as an item of the costs of the action.

2. **Costs § 3; Clerks of Court § 11— voluntary dismissal—authority of assistant clerk to tax costs**

   An assistant clerk of superior court had authority to assess the cost of taking plaintiff's deposition as an item of costs taxed against plaintiff in an action in which plaintiff took a voluntary dismissal before the case reached the trial calendar. G.S. 1-7; G.S. 6-7; G.S. 6-21(6); and G.S. 1A-1, Rule 41(d).

3. **Rules of Civil Procedure § 41.2— voluntary dismissal—failure to pay costs—dismissal of new action**

   The trial court properly dismissed plaintiff's action because of plaintiff's failure to pay the costs of a prior action against defendant based on the same claim, not brought in *forma pauperis*, and voluntarily dismissed by plaintiff, since at the time of the entry of the court's order dismissing the action, G.S. 1A-1, Rule 41(d) was unequivocal in its requirement that the court, upon the motion of the defendant, "shall" dismiss the action under such circumstances.

APPEAL by plaintiff and defendant from *Small, Judge*. Orders entered 2 September 1977 in Superior Court, ONSLOW County. Heard in the Court of Appeals 29 June 1978.

Plaintiff instituted this action on 13 April 1977 seeking $500,000 damages for alleged malpractice on the part of defendant physician. On 12 May 1977 defendant filed an answer and motions asking, among other things, that the action be dismissed on the following grounds:

(1) Pursuant to Rules 41(b) and 8(a)(2) of the Rules of Civil Procedure for the reason that the complaint contains a monetary demand for relief expressly prohibited by Rule 8(a)(2); and

(2) Pursuant to Rule 41(d) because of plaintiff's failure to pay the costs of a previous action filed by him against defendant which action was not brought in *forma pauperis* and in which plaintiff submitted to a voluntary dismissal.

Thereafter plaintiff moved (1) to be allowed to amend his complaint with respect to the monetary demand and (2) that plaintiff's motion under Rule 41(d) be denied because plaintiff's attorney was unaware of the outstanding costs from the previous action at the time the present action was instituted.

Following a hearing on the motions, the court entered an order allowing plaintiff to amend his complaint (1) by striking all of Paragraph 9 (which alleged plaintiff's damage to be $500,000) and inserting in lieu thereof a paragraph alleging "damages incurred in excess of Ten Thousand Dollars ($10,000.00)"; and (2) by changing the prayer for relief to ask for such damages as plaintiff might show himself to be entitled to recover. Defendant appealed from this order.

The court entered a second order in which it found facts summarized in pertinent part as follows:

On 1 February 1973 plaintiff instituted an action against defendant and others which action was based upon and includes the same claim against defendant as is included in this action. The previous action was not brought in *forma pauperis* and at the time of filing same plaintiff advanced $25 costs. In said action plaintiff was represented by Fred W. Harrison and defendant was represented by Daniel Lee Brawley and John D. Warlick.

In connection with the previous action, on 3 June 1975, by consent of the parties, Nancy C. Poole, a notary public, took the deposition of plaintiff. Fred W. Harrison represented plaintiff at the taking of said deposition, and knew that the cost of taking the deposition would be an item of expense included in the costs of said action. Mr. Harrison is representing plaintiff in the present action.

Nancy C. Poole submitted a statement for $103 for taking said deposition and the statement was paid by defendant's attorneys.

On 13 December 1976, pursuant to Rule 41(a) of the Rules of Civil Procedure, plaintiff took a voluntary dismissal of his action then pending. Shortly thereafter, at the request of John D. Warlick, counsel for defendant, a Deputy Clerk of the Superior Court of Onslow County entered the $103 cost for the taking of said deposition on the civil costs bill in the action in which plaintiff had taken a voluntary dismissal.

Prior to 24 March 1977 Fred Harrison, as counsel for plaintiff, requested Betty Gurganus, Assistant Clerk of the Superior Court of Onslow County, to prepare a cost bill in the previous action. At the time of said request the cost bill in said action improperly showed an item of $41.60 for the taking of a deposition but it also showed an item of $103 for the taking of plaintiff's deposition. Mr. Harrison advised Betty Gurganus that the $41.60 item was improper and should be placed in another file. In preparing the final cost bill in the previous action, which included the $103 item aforesaid, Betty Gurganus had one or more conversations with Mr. Harrison relative to the costs in said action.

On 24 March 1977 Mr. Harrison paid $9.00 to the Clerk of Superior Court of Onslow County as costs in the previous action but did not pay the $103 cost incurred in the taking of the deposition of plaintiff before Nancy C. Poole. On 13 April 1977 plaintiff, represented by Mr. Harrison, instituted the present action and paid $35 advanced costs.

The cost of taking the deposition of plaintiff in the previous action was properly assessed or taxed by the Clerk of Superior Court of Onslow County and remains unpaid by plaintiff.

Upon said findings of fact, the court concluded that the present action instituted by plaintiff is based upon the same claim as the previous action against defendant; that plaintiff took a voluntary dismissal in the previous action pursuant to Rule 41(a); that plaintiff had not paid the costs of court properly taxed and assessed against him in the previous action at the time he instituted this action, and that he may not maintain this action without the payment of the cost in the original action.

Pursuant to said findings of fact and conclusions of law the court ordered the present action dismissed with prejudice. Plaintiff appealed from this order.

*Turner and Harrison, by Fred W. Harrison, for plaintiff appellant-appellee.*

*Marshall, Williams, Gorham & Brawley, by Daniel Lee Brawley and Ronald H. Woodruff, for defendant appellant-appellee.*

BRITT, Judge.

### PLAINTIFF'S APPEAL

[1] By his first assignment of error, plaintiff contends the trial court erred in finding as a fact that plaintiff's counsel knew that the cost of taking plaintiff's deposition in the previous action would be an item of costs in that action. Plaintiff argues that this finding is not supported by competent evidence. We find no merit in this assignment.

It is clear that findings of fact may be based on competent evidence presented and on *reasonable inferences* arising therefrom. The evidence that plaintiff's counsel, (a licensed attorney with many years' experience in the practice of law), attended and participated in the taking of plaintiff's deposition; that soon after plaintiff, through said counsel, took a voluntary dismissal, at the request of defendant's counsel, the $103 disbursement for the deposition was entered as an item of costs in the record; and that thereafter, before instituting the new action, plaintiff's counsel discussed the item with the assistant clerk of the superior court was more than sufficient to raise a reasonable inference that counsel knew that the item would be in-

cluded as a part of the costs and to support a finding of fact to that effect.

By his second and third assignments of error, plaintiff contends the trial court erred in finding that the $103 item for the deposition was properly assessed or taxed by the clerk of the superior court and included in the bill of costs for the previous action. We find no merit in these assignments.

[2] Plaintiff argues that under G.S. 6-21(6) costs for taking depositions may be taxed against either party, or apportioned among the parties, in the discretion of the court; and that the assistant clerk of the superior court had no authority to tax the $103 item against plaintiff.

We think G.S. 6-21(6) must be considered in *pari materia* with at least two other statutes, G.S. 1-7 and G.S. 1A-1, Rule 41(d).

G.S. 1-7 provides:

> When court means clerk.—In the following sections which confer jurisdiction or power, or impose duties, where the words "superior court," or "court," in reference to a superior court are used, they mean the clerk of the superior court, unless otherwise specially stated, or unless reference is made to a regular session of the court, in which cases the judge of the court alone is meant.

G.S. 1A-1, Rule 41(d), on the date of the order in question, provided:

> (d) Costs.—A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall dismiss the action.

G.S. 6-7 vests the clerk of the superior court with the authority and responsibility to "enter in the case file, after judgment, the costs allowed by law". Certainly in this case, which evidently never reached the trial calendar and in which the judge

was not involved in its disposition, the clerk, through his deputy or assistant, was the proper official to tax or assess costs. Of course, plaintiff could have appealed to the judge from any item that he considered improper.

To adopt plaintiff's argument would mean that costs in all matters enumerated in G.S. 6-21 would have to be taxed by the judge. These include all costs and expenses incurred in special proceedings for the division or sale of either real estate or personal property under the partition statutes. We cannot perceive that to be the law.

Furthermore, Rule 41(d), provides that a plaintiff who voluntarily dismisses his claim or action *shall* be taxed with the costs of the action unless it was brought in *forma pauperis*.

[3] By his fifth and final assignment of error plaintiff contends the trial court erred in entering the order dismissing his action. We find no merit in this assignment.

As of the date of the entry of the order from which defendant appeals, G.S. 1A-1, Rule 41(d), was unequivocal in its requirement that the court, upon motion of the defendant, "shall" dismiss the action of a plaintiff who took a voluntary dismissal in a prior action not brought in *forma pauperis* and thereafter instituted a new action against the same defendant on the same claim without paying the costs of the first action.

We are aware of the changes in Rule 41(d) made by Chapter 290 of the 1977 Session Laws which provides as follows:

Section 1. G.S. 1A-1, Rule 41(d), as it appears in the 1969 Replacement of Volume 1A, is amended by rewriting the second sentence and by adding another sentence to read as follows:

"If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with

the order. If the plaintiff does not comply with the order, the court shall dismiss the action."

However, § 2 of said Chapter 290 provides that the act "shall become effective on January 1, 1978."

Since the order in question was entered on 2 September 1977, we must construe Rule 41 (d) as it read as of that date. We hold that the trial court properly dismissed plaintiff's action. *Cheshire v. Aircraft Corp.*, 17 N.C. App. 74, 193 S.E. 2d 362 (1972).

DEFENDANT'S APPEAL

Inasmuch as we are affirming the order dismissing plaintiff's action and from which plaintiff appeals, we find it unnecessary to pass upon the question raised by defendant in his appeal from the order allowing plaintiff to amend his complaint.

\*    \*    \*

For the reasons stated, the order dismissing plaintiff's action is

Affirmed.

Judges MORRIS and ARNOLD concur.