WILLIAM F. WARD AND KENNEDY W. WARD v. JOHN T. TAYLOR, JR.

No. 833SC56

(Filed 1 May 1984)

1. **Rules of Civil Procedure §§ 41.1, 60.2— ability of court to enter order and correct defective orders after voluntary dismissal**

 The filing of notice of dismissal, while it may terminate adversary proceedings in a case, does not terminate the court's authority to enter orders apportioning and taxing costs. Further, where a court, in a title dispute where a surveyor had been appointed, failed to allow and tax the costs of the surveyor to plaintiff in its order granting defendant's and plaintiffs' motions for volun-

tary dismissal, the failure may be considered an "oversight or omission" in the "order," and, pursuant to G.S. 1A-1, Rule 60(a) and Rule 41(d), the court could correct its failure subsequent to the entry of the "order." G.S. 38-4.

**2. Boundaries § 14— court-appointed surveyor—ability to entertain motion as non-party**

A court-appointed surveyor's lack of party status in a case involving a boundary dispute did not make his motion for unpaid expenses improper in light of his position as court-appointed surveyor. G.S. 38-4.

**3. Abatement § 6— plea of abatement properly rejected**

In an action involving a title dispute, where the court appointed a surveyor prior to the parties entering into voluntary dismissal and instituting a subsequent action, the subsequent action did not prevent the surveyor from requesting expenses in the prior action since the surveyor had no appointment in the later case, had never performed any work as an appointed surveyor in that case, and the court lacked jurisdiction to hear the motion as pertaining to the previous case. Therefore, the court did not err in rejecting the defense of abatement.

**4. Process § 6— subpoena duces tecum properly quashed**

There was no abuse of discretion in the trial court quashing a subpoena *duces tecum* which plaintiffs obtained for the production of all movant's timecards and records of all work over an eight year period where it was evident that plaintiffs waited until the last minute to serve the extremely broad subpoena, after having been put on notice at least two weeks previously of the importance of the items sought. G.S. 1A-1, Rule 45(c)(1).

**5. Boundaries § 14— amount of award to surveyor inconsistent with evidence**

Where the court did not appoint a surveyor in a boundary dispute until November of 1970, the court erred in considering services rendered to plaintiffs since August of 1968 in making its award for surveying services. G.S. 38-4(d).

APPEAL by plaintiff-respondents from *Friday, Judge*. Order entered 11 August 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 6 December 1983.

This is an appeal from an order entered following a motion in the cause for an award of fees by a court-appointed surveyor. The Wards, plaintiffs in the underlying action, own a large tract of land across the Neuse River from New Bern. In response to information that Taylor claimed a portion of that tract and was cutting lumber on it, the Wards instituted an action, Craven County case number 68CVS1176, in August 1968 to oust defendant Taylor. At or about the same time, plaintiffs asked Darrel Daniels, a registered surveyor (hereinafter "Daniels" or "movant"), to make

a perimeter survey of the whole tract. Daniels had worked for the Wards for many years previously, surveying other lands owned by them. They did not discuss a price for the job. Daniels began work; in November 1969, at his request, the Wards paid him $750.

In November 1970, a consent order was entered appointing Daniels as court surveyor to set out plaintiffs' (Wards') contentions on a court map, and another surveyor to do the same for defendant's contentions. The order provided that reasonable charges of the surveyors, as approved by the court, would be taxed as costs on a final determination of the case. Daniels worked intermittently on the job, which was rendered difficult by the swampy and overgrown conditions of the subject property. His survey included the entire twelve mile perimeter of plaintiffs' property, not just the small area in contention. Defendant's surveyor never prepared a map.

On 15 August 1975, Daniels filed a certified map; several days later plaintiffs paid him $2,500. Daniels never did any work for defendant and considered himself an employee of plaintiffs. The case came on for trial on 28 June 1976; after presenting some evidence, plaintiffs announced that they elected to take a voluntary dismissal without prejudice, as did defendant. The court issued an order granting the motions and dismissing case 68CVS1176; however, no mention of costs was made in the order.

The Wards refiled their complaint shortly thereafter, case number 76CVS705. That case, in which Daniels did not participate, resulted in a final judgment in early 1982.

On 14 June 1982, Daniels filed a motion "for payment of charges" in case 68CVS1176 which is the case *sub judice*. He sought to recover of plaintiffs, as court costs, $17,945 in surveyor's fees. Daniels had earlier filed a lawsuit against the Wards for his fees, for which he had submitted a bill for $24,785 in 1979, but took a voluntary dismissal. At the time Daniels filed his motion in case 68CVS1176, he had a similar motion pending in case 76CVS705.

On 29 June 1982, the court issued an order directing that the motion in case 68CVS1176 be treated as a motion in the cause to be heard at the next session of court. After three days of hearing, the court ruled in favor of movant Daniels on 11 August 1982.

The court found that although Daniels was "somewhat dilatory" that he had nonetheless performed the services under the court order, and that plaintiffs had appropriated them to their own use. The court found the reasonable value of the services to be $16,000, minus $3,250 already advanced, and further that none of the parties had pointed out to the court in 1976 that surveyor's fees needed to be apportioned as costs in its dismissal order, and therefore the motion Daniels filed in 1982 breathed new life into his claim. The court then cancelled the motion pending in case 76CVS705, ordered the Wards to pay Daniels $12,750, and dismissed the case as to Taylor. Plaintiffs appeal.

*Ward, Ward, Willey & Ward, by A. D. Ward, for plaintiff-respondent-appellants Ward.*

*Henderson and Baxter, P.A., by David S. Henderson, for defendant-appellee Taylor.*

*Dunn & Dunn, by Raymond E. Dunn, for movant-appellee Daniels.*

JOHNSON, Judge.

I

We must first address the question of whether the court had authority to entertain Daniels' motion in the previously dismissed cause, 68CVS1176.

A

G.S. 1A-1, Rule 41(d), "Costs," provides that "A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis." Although a voluntary dismissal is not *per se* a final judgment, this Court has held that the clerk of superior court has authority to tax costs against a plaintiff who took a dismissal. *Thigpen v. Piver*, 37 N.C. App. 382, 246 S.E. 2d 67, *disc. review denied*, 295 N.C. 653, 248 S.E. 2d 257 (1978); G.S. 6-7. In fact, the clerk is ordinarily the proper official to tax such costs. *Thigpen v. Piver, supra*; G.S. 1-7. Here, however, the court appointed a surveyor in a boundary dispute, pursuant to G.S. 38-4. "When in any action or special proceeding pending in the Superior Court the boundaries of lands are drawn into question,

the court may, if deemed necessary, order a survey . . .," G.S. 38-4(a); the court may appoint one or more surveyors, G.S. 38-4(b); and it "shall make an allowance for the fees of the surveyor or surveyors and they shall be taxed as a part of the costs." G.S. 38-4(d). The Supreme Court has consistently held that where such a survey has been ordered and made, and the trial judge has failed to order compensation, the clerk has no authority to do so. *Ipock v. Miller*, 245 N.C. 585, 96 S.E. 2d 729 (1957); *Cannon v. Briggs*, 174 N.C. 740, 94 S.E. 519 (1917); *LaRoque v. Kennedy*, 156 N.C. 360, 72 S.E. 454 (1911). Therefore, movant could only look to the superior court for relief; only that court had authority to allow and tax his fees as costs.

B

[1] It is well established that where plaintiff takes a voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a)(1), no suit is pending thereafter on which the court could make a final order. *West v. Reddick, Inc.*, 38 N.C. App. 370, 248 S.E. 2d 112 (1978) (court had no power to enter "supplemental order" after voluntary dismissal and defendant's appeal); *Sutton v. Sutton*, 18 N.C. App. 480, 197 S.E. 2d 9 (1973) (dismissal of divorce action upon separation agreement precluded motion to enforce portions of agreement). Therefore, appellants contend, the court lacked authority to enter any order in case 68CVS1176, since it was terminated by a voluntary dismissal under Rule 41(a), to which defendant consented while simultaneously taking a voluntary dismissal of his counterclaim under the same rule.

C

This argument is inapplicable to the circumstances of this case, however. Under G.S. 1A-1, Rule 41(a)(1), ". . . an action or any claim therein may be dismissed by the plaintiff *without order of court* (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." (Emphasis supplied.) The rule clearly does not require court action, other than ministerial record-keeping functions, to effect a dismissal.

G.S. 1A-1, Rule 41(d) provides that plaintiffs ". . . *shall* be taxed with the costs . . . ." (Emphasis supplied.)[1] If, as plaintiffs here contend, a notice of voluntary dismissal completely terminates the case and prevents issuance of any further orders in the case, the superior and district courts would lack authority to enforce the mandate of Rule 41(d). Only where the parties chose to reinstitute the suit *and* the reinstituted suit was still pending would the courts then be able to order payment of costs. We do not believe the General Assembly intended to give *parties* this degree of control over the power of the trial courts to tax costs. Particularly in a case such as this, where the court appoints surveyors who run up large bills largely at the direction of the parties, such a rule would present obvious possibilities for abuse.

In construing Rule 41(d), we must give effect to the legislative intent, and avoid constructions which operate to defeat or impair that intent. *State v. Hart*, 287 N.C. 76, 213 S.E. 2d 291 (1975).[2] The object of this statutory rule is clearly to provide superior and district courts with authority for the efficient collection of costs in cases in which voluntary dismissals are taken. We therefore hold that the filing of notice of dismissal, while it may terminate adversary proceedings in the case, does not terminate the court's authority to enter orders apportioning and taxing costs.

## D

Courts clearly have the power to correct defective orders under G.S. 1A-1, Rule 60(a):

---

1. G.S. 1A-1, Rule 41(d) provides in full:

A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action.

2. The North Carolina Rule is mandatory, as opposed to the discretionary federal rule. The federal commentary and decisions thus provide little guidance; there is no North Carolina commentary or helpful legislative history.

> *Clerical mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors arising therein from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders.

The uncontroverted record shows that movant filed his map before dismissal of case 68CVS1176, and that the dismissal therein was by order of the court. Therefore, the court's failure to allow and tax costs may be considered an "oversight or omission" in an "order." *See* G.S. 38-4, G.S. 1A-1, Rule 41(d).

It is clear that no substantive changes may be effected under Rule 60(a). *See H & B Co. v. Hammond,* 17 N.C. App. 534, 195 S.E. 2d 58 (1973) (money judgment improperly changed to real property lien). Here, however, the substantive rights of the parties are not affected, only the procedural matter of costs. *See Hockoday v. Lawrence,* 156 N.C. 319, 72 S.E. 387 (1911) (costs are not subject of litigation, arising "only incidentally"); *see also* 20 C.J.S., Costs § 1 (1940 & Supp. 1983). Therefore, the court had authority under Rule 60(a) to correct the inadvertent omission of costs from its order of 28 June 1976.

E

[2] Plaintiffs also contend that since movant was not a party, the court could not entertain a motion from him. As movant points out, however, the record amply demonstrates that he cannot look to either party to make the motion in his behalf. Nor do we believe that a court which appoints a surveyor lacks the authority to take heed of his request for unpaid expenses in the same case in which it appointed him. The obvious policy of G.S. 38-4 is to allow the courts to avail themselves of expert help in what are often exceedingly difficult cases. It would certainly frustrate this purpose if the court-appointed surveyors themselves became exposed to the burden of litigation to recover fees.

The general rule is that only a party or his legal representative has standing to have an order set aside, and that a stranger to the action may not obtain such relief. *Shaver v. Shaver,* 244 N.C. 309, 93 S.E. 2d 614 (1956). This rule does permit exception, however. In *Bowling v. Combs,* 60 N.C. App. 234, 298 S.E. 2d 754, *disc. rev. denied,* 307 N.C. 696, 301 S.E. 2d 389 (1983),

this Court found no error where the trial court granted an administratrix's motion, made three months before she became a party to the action, to set aside a voluntary dismissal taken by her predecessor in office. The "technicality" that she was not a party was insufficient reason to vacate the order. Like the administratrix in *Bowling,* Daniels was no "stranger to the case." In his capacity as court-appointed surveyor, he was available to serve the court as its witness. G.S. 38-4(c). The court possessed authority to direct the surveyor in his duties. G.S. 38-4(b). Therefore, Daniels acted properly in bringing the matter to the court's attention; his lack of formal party status did not render his motion improper.

We conclude that (1) the provisions of G.S. 1A-1, Rule 41 and the cases interpreting it did not bar the court from issuing its order, (2) the court also possessed authority to do so under G.S. 1A-1, Rule 60(a), and (3) movant's lack of party status did not make his motion improper in light of his position as court-appointed surveyor.

II

[3] Having determined that the matter could properly come before the Superior Court on a motion by Daniels, it remains to be determined whether a similar motion pending in case 76CVS705 precluded the court from hearing a motion in case 68CVS1176. The pendency of a prior action between the same parties concerning the same subject matter in a state court of competent jurisdiction works an abatement of the subsequent action. *Conner Co. v. Quenby Corp.,* 272 N.C. 214, 158 S.E. 2d 22 (1967). Although the motion in 76CVS705 was also before the Superior Court for Craven County, the court lacked jurisdiction to hear the motion as pertaining to that case; movant had no appointment in 76CVS705 and had never performed any work as an appointed surveyor in that case, and therefore could not invoke the court's jurisdiction therein. Therefore, the court did not err in rejecting the defense of abatement; its jurisdiction in 68CVS1176 was proper and was properly exercised.

III

Plaintiffs allege several procedural errors at the hearing as grounds for reversal of the order awarding fees.

A

The court ruled that certain cross-examination of movant regarding his other accounts receivable was inadmissible. However, the court then allowed plaintiffs to ask the questions for the record in the presence of the court. Plaintiffs contend that this constituted reversible error.

In *Davis v. Insurance Co.*, 28 N.C. App. 44, 220 S.E. 2d 149 (1975), *disc. rev. denied*, 289 N.C. 296, 222 S.E. 2d 696 (1976), no prejudice was found where the court sitting without a jury improperly ruled certain evidence inadmissible but nevertheless let it in for the record and considered it. Here, assuming *arguendo* that the court's ruling was error, it allowed plaintiffs to go forward "for the record." Plaintiffs chose not to pursue the matter, nor did they offer any other evidence of movant's accounts. On this record, plaintiffs have shown no error. *Davis v. Insurance Co., supra.*

B

Plaintiffs next contend that the court erred in denying their motion for mistrial on the grounds that the court improperly inquired into settlement negotiations. Plaintiffs cite no authority, nor do we find any, for declaring a mistrial where the court is the finder of fact. Furthermore, no evidence of any settlement negotiations appears in the record. The fair but expeditious dispatch of litigation remains the duty of the trial courts. *See* G.S. 1A-1, Rule 16. The courts are expected to encourage litigants to settle their differences amicably. Plaintiffs' allegation that at some unspecified time the trial court made inquiry into the possibility of settlement indicates nothing more than its faithful performance of this duty. This assignment is without merit.

C

[4] The court quashed a subpoena *duces tecum* which plaintiffs obtained for the production of all movant's time cards and records of all work over an eight year period. Plaintiffs contend that this was error.

The record shows that movant mailed his motion to plaintiffs on 14 June 1982; they appeared at a hearing on 9 July 1982, filed a detailed response, and participated in an all day hearing; the

time cards were a crucial aspect of the 9 July 1982 hearing, to which plaintiffs devoted extensive cross-examination of movant; plaintiffs participated in another full day of hearings on 26 July 1982, presenting several witnesses. Only at the commencement of the third day of hearing, on 27 July 1982, did plaintiffs bring their subpoena before the court. (The subpoena was dated 23 July 1982, but no record of service appears and movant denied prior knowledge of it.)

It is evident that plaintiffs waited until the last minute to serve an extremely broad subpoena, after having been put on notice at least two weeks previously of the importance of the time cards in this litigation. Therefore, the court could properly find that the subpoena was unreasonable and oppressive and did not abuse its discretion in quashing it. G.S. 1A-1, Rule 45(c)(1); *see State v. Neely,* 26 N.C. App. 707, 217 S.E. 2d 94, *cert. denied and appeal dism.,* 288 N.C. 512, 219 S.E. 2d 347 (1975) (subpoena for all long distance calls to two residences for a three month period properly quashed); *see also Vaughan v. Broadfoot,* 267 N.C. 691, 149 S.E. 2d 37 (1966) (similar discovery type subpoena served on day of trial properly quashed).

IV

Plaintiffs additionally contend that movant has shown no right of relief, since he did not comply with the original (1970) order of the court, which required filing of maps within 90 days. However, the record reveals that the same court extended the time in which to file the maps by its order of 24 March 1975. Movant filed his map within the time period set in that order. The reason for the delay of four and one-half years does not appear from this record. Plaintiffs apparently were satisfied with movant's work, since they did not petition the court to discharge him; this Court will not impute bad faith to movant from an otherwise silent record. Therefore, movant has complied with the orders of the court so as to entitle him to the relief sought.

V

Finally, plaintiffs challenge the sufficiency of the evidence to support the court's findings of fact.

Ward v. Taylor

A

Although the proceedings were in the nature of a trial by the court sitting without a jury, they involved a discretionary matter, *i.e.*, the correction of an omission of costs in an order of the court. *LaRoque v. Kennedy, supra*; G.S. 1A-1, Rule 60(a). A discretionary order is conclusive on appeal in the absence of abuse or arbitrariness, or some imputed error of law. *Highway Commission v. Coggins*, 262 N.C. 25, 136 S.E. 2d 265 (1964); *see* 1 Strong's N.C. Index 3d, Appeal and Error, § 54 (1976). Therefore, our review is limited to determining whether the court acted within its discretion and whether it committed an error of law.

B

[5] The trial court made extensive findings of fact in support of its order. It found that the motion was in the nature of one for *quantum meruit*, seeking that the court establish the reasonable value of movant's services. This interpretation accords with the statute: "The court shall make an allowance for the fees of the surveyor . . . ." G.S. 38-4(d). "The amount of the allowance is within the discretion of the court, after considering the evidence as to the work done, . . . ." *LaRoque v. Kennedy, supra*, 156 N.C. at 375, 72 S.E. at 459. The court found that movant had expended 800 hours on the project and that his services were worth $20 per hour. It further found that plaintiffs had paid movant $3,250 and deducted this amount from the total award. Plaintiffs challenge the sufficiency of the evidence to support these findings.

As indicated above, the issue of the sufficiency of the evidence is not properly before this Court. However, since it appears from the record as a matter of law that the court improperly considered certain evidence in its award, we remand for further proceedings.

The court found that movant spent 800 hours on the project. The only evidence to support such a finding is contained in movant's time cards, later abstracted into his affidavit. These reflect services for the period August 1968 to June 1976, totalling some 913 hours. However, the court did not appoint movant until 23 November 1970; his services between that date and 30 June 1976 totalled only 553 hours. Nothing in the order of 23 November 1970 suggests that fees for prior services would be taxed at the

final determination of the case. It is apparent, however, that the court considered these earlier services in computing its allowance of costs. This constituted error of law.

Similarly, the court found that plaintiffs had paid movant $3,250. However, the uncontroverted record shows that they paid $750 of this in 1969, long before movant's appointment. Again, consideration of this evidence in computing the allowance of costs constituted error of law.

We have reviewed the court's other findings and find them fully supported by the evidence. Upon remand, the question of movant's services prior to the order of appointment should not arise, except insofar as it may bear on the value of his services during the period of his appointment. If movant desires to bring an independent action to recover fees for those earlier services, he may certainly do so.

C

The court dismissed the case as to defendant. Plaintiffs assign error, while defendant urges affirmance. Whether the court taxed the costs to plaintiffs as following the judgment, *see* G.S. 38-4(d); G.S. 1A-1, Rule 41(d); *and Hines v. Pierce*, 23 N.C. App. 324, 208 S.E. 2d 721, *cert. denied*, 286 N.C. 335, 210 S.E. 2d 57 (1974); or whether it allowed them under its discretionary authority, *see* G.S. 6-20, no abuse of discretion is apparent. Therefore, this assignment is overruled.

VI

We conclude that the court properly exercised its jurisdiction in hearing this matter and did not abuse its discretion in apportioning the costs. However, since it erred as a matter of law in considering certain evidence used to compute its award, we remand for further proceedings to determine the proper amount of that award.

Remanded.

Judges ARNOLD and PHILLIPS concur.