NANCY P. FIELDS, APPELLEE v. IRVIN H. WHITEHOUSE AND SONS COMPANY, AND JOHN FORBES, INDIVIDUALLY, APPELLANT

No. 8921SC657

(Filed 1 May 1990)

### Costs § 1.2 (NCI3d); Rules of Civil Procedure § 41.1 (NCI3d) — voluntary dismissal — taxing of costs proper — deadline improper

The trial court in plaintiff's first action had the authority only to order that costs be paid by plaintiff after she took a voluntary dismissal, not to order that the costs be paid within 30 days of the refiling of the action; therefore, that portion of the trial court's order taxing costs within 30 days of the filing of the second action was void and could be treated as a nullity by the trial court in the second action, and that court had the authority to deny defendant's motion to dismiss and enter its own order without offending the general rule which precludes one superior court judge from reviewing the decision of another, as that rule simply does not apply when the first superior court judge had no legal authority to issue the incorrect order.

Am Jur 2d, Costs § 18; Dismissal, Discontinuance, and Nonsuit § 39.

FIELDS v. WHITEHOUSE AND SONS CO.

[98 N.C. App. 395 (1990)]

APPEAL by defendant Irvin H. Whitehouse and Sons Company from judgment entered 5 April 1989 by *Judge F. Fetzer Mills* in FORSYTH County Superior Court. Heard in the Court of Appeals 22 December 1989.

This case arises out of an action filed by plaintiff on 30 December 1986, against both defendants, alleging intentional infliction of emotional distress. At trial on 26 January 1988, plaintiff took a voluntary dismissal under N.C. Gen. Stat. § 1A-1, Rule 41(a) (1983). On the same day, defendant Whitehouse (hereinafter defendant) filed a motion to tax costs under Rule 41(d), and the trial court, by Honorable Thomas W. Seay, Jr., granted the motion on 28 January 1988. Judge Seay's order directed plaintiff to pay defendant's costs within 30 days of refiling a new action. Plaintiff was duly served with the order and did not appeal.

Plaintiff filed a new complaint on 23 January 1989. Plaintiff did not pay the costs within 30 days as directed by Judge Seay's order, and defendant filed a motion to dismiss on 23 February 1989 under Rule 41(d) of the N.C. Rules of Civil Procedure.

On 20 March 1989, plaintiff filed a motion in the alternative, requesting an extension of time to pay the costs of the first action. On 23 March 1989, plaintiff filed an affidavit in support of its motion.

Oral argument was heard before the Honorable F. Fetzer Mills, Judge, on 27 March 1989. Judge Mills denied defendant's motion to dismiss.

On 29 March 1989, defendant filed a motion for reconsideration and supporting affidavits. On 6 April 1989, the trial court entered its order and judgment denying defendant's motion to dismiss "on the grounds that Rule 41(d) does not authorize dismissal and that the Order Taxing Costs entered January 28, 1988 . . . was improper in requiring that those costs be paid within thirty days of the refiling of Plaintiff's action pursuant to Rule 41(d)."

The trial court further ordered that the "Order affects a substantial right, subjects the Defendant to the jurisdiction of the courts where Defendant contends it is not so subject and that there is no just reason for delay such that the order of this Court shall be deemed the final judgment from which appeal may be taken."

FIELDS v. WHITEHOUSE AND SONS CO.

[98 N.C. App. 395 (1990)]

Defendant appealed and petitioned for a writ of certiorari on 20 April 1989. This Court granted defendant's petition on 12 May 1989.

From the order of 6 April 1989 denying its motion to dismiss, defendant appeals.

*Greeson & Grace, P.A., by Michael R. Greeson, Jr.; and Bell, Davis & Pitt, P.A., by Stephen M. Russell, for plaintiff-appellee.*

*Petree Stockton & Robinson, by W. R. Loftis, Jr., Kenneth S. Broun and Robin E. Shea, for defendant-appellant.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in denying defendant's motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 41(d) (1983). For the reasons set forth below, we affirm the trial court's order.

Under Rule 41(d),

A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action. . . . If a plaintiff who once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of costs of the action previously dismissed, . . . , the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action.

In the case *sub judice*, plaintiff contends that a notice of voluntary dismissal under Rule 41(a) terminates the case and prevents the trial court in the initial action from issuing any further orders in the case except an order to pay costs under Rule 41(d). In *Ward v. Taylor*, 68 N.C. App. 74, 79, 314 S.E.2d 814, 819, *disc. review denied*, 311 N.C. 769, 321 S.E.2d 157 (1984), this Court stated that the superior and district courts have the authority to enforce Rule 41(d).

G.S. 1A-1, Rule 41(d) provides that plaintiffs '. . . *shall* be taxed with the costs . . . .' (emphasis supplied) [footnote omitted]. If, as plaintiffs here contend, notice of voluntary

FIELDS v. WHITEHOUSE AND SONS CO.

[98 N.C. App. 395 (1990)]

dismissal completely terminates the case and prevents issuance of any further orders in the case, the superior and district courts would lack authority to enforce the mandate of Rule 41(d). Only where the parties chose to reinstitute the suit *and* the reinstituted suit was still pending would the courts then be able to order payment of costs. We do not believe the General Assembly intended to give *parties* this degree of control over the power of the trial courts to tax costs. (emphasis in the original).

In construing Rule 41(d), we must give effect to the legislative intent, and avoid constructions which operate to defeat or impair that intent. *State v. Hart*, 287 N.C. 76, 213 S.E.2d 291 (1975) [footnote omitted]. The object of this statutory rule is clearly to provide superior and district courts with authority for the efficient collection of costs in cases in which voluntary dismissals are taken. We therefore hold that the filing of notice of dismissal, while it may terminate adversary proceedings in the case, does not terminate the court's authority to enter orders apportioning and taxing costs.

*Id.*

We believe that the holding in *Ward* and the language of Rule 41(d) are clear. The trial court or the clerk of the court in the first action shall tax the costs of the action to the plaintiff taking a voluntary dismissal under Rule 41(d). Then, if the plaintiff commences an action against the same defendant based upon or including the same claim before the costs of the previous action have been paid, the trial court in the second action shall, upon motion of the defendant, order the plaintiff to pay the costs of the first action within 30 days. If the plaintiff does not comply with the order, the court shall dismiss the action.

In the case before us, the trial court in the first action had the authority only to order that costs be paid by plaintiff. Under *Ward* and Rule 41(d), the trial court did not have the authority to order that the costs be paid within 30 days of the filing of a second action. Therefore, we hold that the portion of the trial court's order taxing costs within 30 days of the filing of the second action is void and may be treated as a nullity. *See Veazy v. Durham*, 231 N.C. 357, 57 S.E.2d 377, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950) (a court may treat a void order as a nullity).

Because that portion of the trial court's order in the first action was void, the trial court in the second action had the authority to deny defendant's motion to dismiss and enter its own order accordingly. This order did not offend the general rule which precludes one superior court judge from reviewing the decision of the first superior court judge on the ground that the decision is incorrect. The rule simply does not apply when the first superior court judge had no legal authority to issue the incorrect order. *Veazy v. Durham*, 231 N.C. 357, 366, 57 S.E.2d 377, 384, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950).

We have considered defendant's remaining assignments of error and find them to be without merit. For the reasons set forth above, we affirm the trial court's decision.

Affirmed.

Judges PHILLIPS and EAGLES concur.