KEARNS v. SPANN

[122 N.C. App. 650 (1996)]

---

SUSAN G. KEARNS, PLAINTIFF v. RUTH M. SPANN AND KENNETH D. SPANN, DEFENDANTS

No. COA95-1412

(Filed 4 June 1996)

### Costs § 9.1 (NCI4th)— voluntary dismissal—costs

In an automobile accident case in which plaintiff took a voluntary dismissal, a trial court order denying defendant's motion for costs "at the present time" and allowing defendant to reapply for approval of costs should plaintiff refile the action was void. Pursuant to N.C.G.S. § 1A-1, Rule 41(d), the trial court or the clerk shall tax the costs of the action to the plaintiff taking a voluntary dismissal; the trial court's authority after the dismissal of an action is limited to taxing costs.

**Am Jur 2d, Dismissal, Discontinuance and Nonsuit §§ 9-40; Equity § 220.**

Appeal by North Carolina Farm Bureau Mutual Insurance Company from order entered 28 September 1995 by Judge J. Russell Lanier, Jr., in Carteret County Superior Court. Heard in the Court of Appeals 27 May 1996.

On 2 June 1994, plaintiff filed a complaint seeking damages from defendants arising out of an automobile accident. On 30 June 1994, North Carolina Farm Bureau Mutual Insurance Company (hereinafter "Farm Bureau"), the alleged underinsured motorist's insurer of plaintiff, filed an answer denying negligence on the part of defendants and alleging contributory negligence on the part of plaintiff. On 29 July 1994, the trial court entered an order relieving defendants' liability insurance carrier, Allstate Insurance Company (hereinafter "Allstate"), of its duty to defend this action after Allstate tendered its policy limits. On 27 February 1995, Farm Bureau filed its notice of election to defend the action in the name of defendants.

On 31 August 1995, plaintiff filed a voluntary dismissal without prejudice pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990). On 7 September 1995, Farm Bureau filed a "Motion for Taxation of Costs" pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(d) along with an affidavit setting out expenses incurred by Farm Bureau in defending the action.

Following a hearing, the trial court entered an order on 28 September 1995 denying the motion for costs "at the present time" and stating that "should the Plaintiff refile this action, the Defendant at the conclusion of the refiled action, is granted leave to reapply to the Court hearing the refiled action for approval of the costs that are the subject of the present motion." Farm Bureau appeals.

*Davis, Murrelle & Lumsden, P.A., by Treve B. Lumsden, for plaintiff-appellee.*

*Harris, Shields and Creech, P.A., by R. Brittain Blackerby and Charles E. Simpson, Jr., for appellant North Carolina Farm Bureau Mutual Insurance Company.*

MARTIN, John C., Judge.

Farm Bureau argues the trial court erred by denying the motion for costs following plaintiff's voluntary dismissal. Specifically, Farm Bureau contends Rule 41(d) requires the trial court to enter an order of costs following a voluntary dismissal without prejudice. We agree.

Rule 41(d) provides:

> (d) *Costs.*—A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action.

Pursuant to this rule, the trial court or the clerk of court *shall* tax the costs of the action to the plaintiff taking a voluntary dismissal. *Fields v. Whitehouse and Sons Co.*, 98 N.C. App. 395, 390 S.E.2d 725, *disc. review denied*, 327 N.C. 427, 395 S.E.2d 676 (1990).

In this case, the trial court denied Farm Bureau's motion for costs "at the present time" and ruled that Farm Bureau could seek payment for costs after the conclusion of a second action if one is filed. The trial court erred by failing to tax costs after the voluntary dismissal.

The trial court's authority after the dismissal of an action is limited to taxing the costs. *Id.* Therefore, the trial court in this case had authority to do nothing other than enter an order taxing the costs. Its attempt to reserve Farm Bureau's right to seek costs after the conclusion of a second action is void. *See Fields*, 98 N.C. App. 395, 390 S.E.2d 725.

Because the order entered by the trial court is void, the order must be vacated and the matter remanded. On remand, the trial court shall determine which expenses set out by Farm Bureau in its affidavit may be taxed against plaintiff and enter an appropriate order taxing costs.

Vacated and remanded.

Judges EAGLES and LEWIS concur.